THOMAS M. MCINERNEY, State Bar No. 162055
tmm@ogletreedeakins.com
CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
ALEX SANTANA, State Bar No. 252934
alex.santana@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
LYFT, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER and ALEJANDRA MACIEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC. and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 4:13-cv-04065-YGR<br><br>**ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: September 3, 2013<br>Judge:          Hon. Yvonne Gonzalez Rogers<br><br>Trial Date:     None Set |

Defendant Lyft, Inc. ("Lyft") submits this Answer to the Second Amended Complaint filed by plaintiff Patrick Cotter ("Cotter") and plaintiff Alejandra Maciel ("Maciel") (collectively, "Plaintiffs") in this action on December 23, 2013 (Document No. 28) (the "Complaint").

## ANSWER

Lyft denies each and every allegation in the Complaint except those expressly and specifically admitted below.  Lyft reserves the right to amend this Answer if needed.  The paragraph numbers below refer to paragraph numbers in the Complaint, such that the text following each respective paragraph number below constitutes Lyft's response to each such paragraph.

1.      Lyft admits the allegations in paragraph 1 of the Complaint.

2.      In response to paragraph 2 of the Complaint, Lyft admits that Plaintiffs make such allegations, but denies that any of such allegations are true or have merit.

3.      Lyft admits the allegations in paragraph 3 of the Complaint.

4.      Lyft admits that the Court has jurisdiction over this matter, however Lyft denies the allegation that a Driver in Chicago, Illinois would be a valid putative class member.

5.      Lyft denies the allegations in paragraph 5 of the Complaint.

6.      Lyft admits that venue is proper in this Court, and that it has and continues to do business in the City and County of San Francisco, California, and that it maintains its headquarters in San Francisco.  Lyft denies the remaining allegations in paragraph 6 of the Complaint.

7.      Lyft lacks sufficient knowledge to admit or deny Cotter's allegations regarding his domicile or citizenship in California, and on that basis it denies such allegations.  Lyft admits that Cotter became a Driver for Lyft in or about September 2012.  Lyft denies all remaining allegations in paragraph 7 of the Complaint.

8.      Lyft lacks sufficient knowledge to admit or deny Maciel's allegations regarding her domicile or citizenship in California, and on that basis it denies such allegations.  Lyft admits that Maciel became a Driver for Lyft in or about August 9, 2013.  Lyft denies all remaining allegations in paragraph 8 of the Complaint.

9.      Lyft admits the allegations in paragraph 9 of the Complaint.

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

10.     Lyft lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Complaint, and on such basis it denies them.

11.     Lyft admits the allegations in paragraph 11 of the Complaint.

12.     Lyft admits the allegations in the first sentence of paragraph 12 of the Complaint. In response to the remaining allegations in paragraph 12 of the Complaint, Lyft admits that Riders and Drivers are matched with each other using Lyft's software, that geographic vicinity is a factor in such matching, but Lyft denies the remaining allegations as described in paragraph 12 of the Complaint.

13.     Lyft denies the allegations in paragraph 13 of the Complaint.

14.     Lyft admits the allegations in paragraph 14 of the Complaint.

15.     Lyft admits the allegations in paragraph 15 of the Complaint.

16.     Lyft admits the allegations in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Lyft admits its TOS states this, among other things.

18.     In response to paragraph 18 of the Complaint, Lyft objects to this allegation on the basis that it is vague, ambiguous, and unintelligible.  To the extent it understands this allegation, Lyft admits that its staff involved in the drafting of the TOS were located in California.  Lyft denies the remaining allegations in paragraph 18 of the Complaint.

19.     In response to paragraph 19 of the Complaint, Lyft objects to this allegation on the basis that it is vague, ambiguous, and unintelligible.  To the extent it understands this allegation, Lyft admits that the TOS sets forth certain terms of compensation for drivers, and that following the conclusion of a ride, a Rider may make a donation to the Driver.  Lyft denies the remaining allegations in paragraph 19 of the Complaint.

20.     Lyft admits that the decision by a Rider as to whether to make a donation to a Driver following a ride is in the Rider's sole discretion.  Lyft denies all remaining allegations in paragraph 20 of the Complaint.

21.     Lyft admits that Drivers are prohibited from receiving any compensation or consideration for providing a ride to Riders other than the amount (if any) of the donation.  Lyft

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

denies all remaining allegations in paragraph 21 of the Complaint.

22. Lyft admits that donations made by Riders to Drivers are charged to Riders' authorized credit cards. Lyft denies all remaining allegations in paragraph 22 of the Complaint.

23. Lyft denies the allegations in paragraph 23 of the Complaint.

24. Lyft denies the allegations in paragraph 24 of the Complaint.

25. Lyft admits that this is what section 351 of the Labor Code provides, among other things.

26. Lyft denies the allegations in paragraph 26 of the Complaint.

27. Lyft denies the allegations in paragraph 27 of the Complaint, and particularly that any of the subparagraphs reflect or evidence that Lyft drivers are misclassified as independent contractors.

28. Lyft denies the allegations in paragraph 28 of the Complaint.

29. Lyft denies the allegations in paragraph 29 of the Complaint.

30. Lyft denies the allegations in paragraph 30 of the Complaint.

31. Lyft denies the allegations in paragraph 31 of the Complaint.

32. Lyft admits that his has not provided Drivers, including Plaintiffs, with wage statements pursuant to Cal. Lab. Code § 226. However, Lyft denies that it was required to do so.

33. Lyft admits that it has not directly reimbursed Drivers, including Plaintiffs, for mileage costs. However, Lyft denies that it was required to do so.

34. Lyft admits that Plaintiffs purport to bring a claim of conversion under section 17200 of the Business & Professions Code and Rule 23. Lyft denies that they have a legal basis for doing so, and on this basis denies the remaining allegations in paragraph 34 of the Complaint.

35. Lyft admits that this is how Plaintiffs define the putative class. Lyft denies that a class should be certified, and on this basis denies the remaining allegations in paragraph 35 of the Complaint.

36. Lyft admits this is how Plaintiffs refer to the class.

37. Lyft denies the allegations in paragraph 37 of the Complaint.

38. Lyft denies that the putative class properly includes Drivers outside California. Lyft

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

1    is also unable to admit or deny what Plaintiffs may or may not know.  Lyft admits the remaining

2    allegations in paragraph 38 of the Complaint.

3         39.    Lyft denies the allegations in paragraph 39 of the Complaint.

4         40.    Lyft denies the allegations in paragraph 40 of the Complaint.

5         41.    Lyft denies the allegations in paragraph 41 of the Complaint.

6         42.    Lyft denies the allegations in paragraph 42 of the Complaint.

7         43.    Lyft denies the allegations in paragraph 43 of the Complaint.

8         44.    Lyft denies the allegations in paragraph 44 of the Complaint.

9         45.    Lyft lacks sufficient information or knowledge to admit or deny this allegation, and

10   on that basis denies the allegations in paragraph 45 of the Complaint.

11        46.    Lyft denies the allegations in paragraph 46 of the Complaint.

12        47.    Lyft denies the allegations in paragraph 47 of the Complaint.

13        48.    Lyft denies the allegations in paragraph 48 of the Complaint.

14        49.    Lyft lacks sufficient information or knowledge as to what Plaintiffs may know.  On

15   this basis, it denies the allegations in paragraph 49 of the Complaint.

16        50.    Lyft denies the allegations in paragraph 50 of the Complaint.

17        51.    Lyft lacks sufficient information or knowledge as to what Plaintiffs may anticipate.

18   On this basis, it denies the allegations in paragraph 51 of the Complaint.

19        52.    Lyft admits that Plaintiffs purport to bring an action for failure to pay minimum

20   wage.  Lyft denies these allegations have merit or that a class action should be certified, and on

21   these grounds it denies the remaining allegations in paragraph 52 of the Complaint.

22        53.    Lyft admits that that this is how Plaintiffs define the putative class.  Lyft denies that

23   a class should be certified, and on this basis denies the remaining allegations in paragraph 53.

24        54.    Lyft admits that this is how Plaintiffs refer to the class.

25        55.    Lyft denies the allegations in paragraph 55 of the Complaint

26        56.    Lyft denies that the putative class properly includes Drivers outside California.  Lyft

27   is also unable to admit or deny what Plaintiffs may or may not know.  Lyft admits the remaining

28   allegations in paragraph 56 of the Complaint.

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

57. Lyft denies the allegations in paragraph 57 of the Complaint.

58. Lyft denies the allegations in paragraph 58 of the Complaint.

59. Lyft denies the allegations in paragraph 59 of the Complaint.

60. Lyft denies the allegations in paragraph 60 of the Complaint.

61. Lyft denies the allegations in paragraph 61 of the Complaint.

62. Lyft denies the allegations in paragraph 62 of the Complaint.

63. Lyft lacks sufficient information or knowledge as to the allegations in paragraph 63 of the Complaint.  On this basis, Lyft denies the allegations in paragraph 63 of the Complaint.

64. Lyft denies the allegations in paragraph 64 of the Complaint.

65. Lyft denies the allegations in paragraph 65 of the Complaint.

66. Lyft denies the allegations in paragraph 66 of the Complaint.

67. Lyft lacks sufficient information or knowledge as to what Plaintiffs may know.  On this basis, it denies the allegations in paragraph 67 of the Complaint.

68. Lyft denies the allegations in paragraph 68 of the Complaint.

69. Lyft lacks sufficient information or knowledge as to what Plaintiffs may anticipate. On this basis, it denies the allegations in paragraph 69 of the Complaint.

70. Lyft admits that Plaintiffs and other Drivers were never provided a wage statement pursuant to Cal. Lab. Code § 226 by Lyft, except for such wage statements as may have been provided to Drivers who were employed by Lyft in other capacities, and where such employment was subject to Cal. Lab. Code § 226.  Lyft denies the remaining allegations in paragraph 70 of the Complaint.

71. Lyft admits this is how Plaintiffs define the putative class.  Lyft denies that a class should be certified, and on this basis denies the remaining allegations in paragraph 71.

72. Lyft admits this is how Plaintiffs refer to the class.

73. Lyft denies these allegations in paragraph 73 of the Complaint.

74. Lyft denies that the putative class properly includes Drivers outside California.  Lyft is also unable to admit or deny what Plaintiffs may or may not know.  Lyft admits the remaining allegations in paragraph 74 of the Complaint.

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

75.     Lyft denies the allegations in paragraph 75 of the Complaint.

76.     Lyft denies the allegations in paragraph 76 of the Complaint.

77.     Lyft denies the allegations in paragraph 77 of the Complaint.

78.     Lyft denies the allegations in paragraph 78 of the Complaint.

79.     Lyft admits that Plaintiffs and other Drivers were never provided a wage statement pursuant to Cal. Lab. Code § 226 by Lyft, except for such wage statements as may have been provided to Drivers who were employed by Lyft in other capacities, and where such employment was subject to Cal. Lab. Code § 226.  Lyft denies the remaining allegations in paragraph 79 of the Complaint.

80.     Lyft denies the allegations in paragraph 80 of the Complaint.

81.     Lyft lacks sufficient information and knowledge to admit or deny these allegations, and on this basis denies these allegations in paragraph 81 of the Complaint.

82.     Lyft denies the allegations in paragraph 82 of the Complaint.

83.     Lyft denies the allegations in paragraph 83 of the Complaint.

84.     Lyft denies the allegations in paragraph 84 of the Complaint.

85.     Lyft lacks sufficient information or knowledge of what Plaintiffs may know.  On this basis, it denies the allegations in paragraph 85 of the Complaint.

86.     Lyft denies the allegations in paragraph 86 of the Complaint.

87.     Lyft lacks sufficient information or knowledge as to what Plaintiffs may anticipate. On this basis it denies the allegations in paragraph 87 of the Complaint.

88.     Lyft admits that Plaintiffs assert claims for reimbursement of expenses under section 2802 of the Labor Code and purport to bring such claims as a class action.  Lyft denies these allegations have merit or that a class action should be certified, and on these grounds it denies the remaining allegations in paragraph 88 of the Complaint.

89.     Lyft admits this is how Plaintiffs define the putative class.  Lyft denies that such a class should be certified, and on this basis denies the remaining allegations in paragraph 89 of the Complaint.

90.     Lyft admits that this is how Plaintiffs refer to the class.

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

91.     Lyft denies the allegations in paragraph 91 of the Complaint.

92.     Lyft denies that the putative class properly includes Drivers outside California.  Lyft is also unable to admit or deny what Plaintiffs may or may not know.  Lyft admits the remaining allegations in paragraph 92 of the Complaint.

93.     Lyft denies the allegations in paragraph 93 of the Complaint.

94.     Lyft denies the allegations in paragraph 94 of the Complaint.

95.     Lyft denies the allegations in paragraph 95 of the Complaint.

96.     Lyft denies the allegations in paragraph 96 of the Complaint.

97.     Lyft denies the allegations in paragraph 97 of the Complaint.

98.     Lyft denies the allegations in paragraph 98 of the Complaint.

99.     Lyft lacks sufficient information and knowledge to admit or deny these allegations, and on this basis it denies the allegations in paragraph 99 of the Complaint.

100.    Lyft denies the allegations in paragraph 100 of the Complaint.

101.    Lyft denies the allegations in paragraph 101.

102.    Lyft admits the allegations in paragraph 102 of the Complaint.

103.    Lyft denies the allegations in paragraph 103 of the Complaint.

104.    Lyft lacks sufficient information or knowledge as to what Plaintiffs may know.  On this basis, it denies the allegations in paragraph 104.

105.    Lyft denies the allegations in paragraph 105 of the Complaint.

106.    Lyft lacks sufficient information or knowledge as to what Plaintiffs may anticipate. On this basis it denies the allegations in paragraph 106 of the Complaint.

107.    In response to paragraph 107 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

108.    Lyft denies the allegations in paragraph 108 of the Complaint.

109.    Lyft admits that this is what Cal. Lab. Code § 351 provides, among other things.

110.    Lyft denies the allegations in paragraph 110 of the Complaint.

111.    Lyft denies the allegations in paragraph 111 of the Complaint.

112.    Lyft denies the allegations in paragraph 112 of the Complaint.

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

113.    In response to paragraph 113 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

114.    Lyft denies the allegations in paragraph 114 of the Complaint.

115.    Lyft denies the allegations in paragraph 115 of the Complaint.

116.    Lyft denies the allegations in paragraph 116 of the Complaint.

117.    Lyft denies the allegations in paragraph 117 of the Complaint.

118.    In response to paragraph 118 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

119.    Lyft denies the allegations in paragraph 119 of the Complaint.

120.    Lyft admits that this is what Cal. Lab. Code § 1194 provides, among other things.

121.    Lyft admits that this is what Cal. Lab. Code § 1197, Wage Order 9, and Cal. Lab. Code § 1182.12 provide, among other things.

122.    Lyft denies the allegations in paragraph 122 of the Complaint, except it admits that payments to drivers related to driving services performed by such drivers were not characterized as "wages."

123.    Lyft denies the allegations in paragraph 123 of the Complaint.

124.    In response to paragraph 124 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

125.    Lyft denies the allegations in paragraph 125 of the Complaint.

126.    Lyft admits that this is what Cal. Lab. Code § 1194 provides, among other things.

127.    Lyft admits that this is what Cal. Lab. Code § 1197, Wage Order 9, and Cal. Lab. Code § 1182.12 provide, among other things.

128.    Lyft denies the allegations in paragraph 128 of the Complaint, except it admits that payments to drivers related to driving services performed by such drivers were not characterized as "wages."

129.    Lyft denies the allegations in paragraph 129 of the Complaint.

130.    Lyft denies the allegations in paragraph 130 of the Complaint.

131.    In response to paragraph 131 of the Complaint, Lyft incorporates herein by

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

reference the preceding paragraphs in this Answer as through fully set forth.

132.    Lyft denies the allegations in paragraph 132 of the Complaint.

133.    Lyft admits that this is what Cal. Lab. Code § 226 provides, among other things.

134.    Lyft denies the allegations in paragraph 134 of the Complaint.

135.    Lyft denies the allegations in paragraph 135 of the Complaint.

136.    Lyft denies the allegations in paragraph 136 of the Complaint.

137.    Lyft denies the allegations in paragraph 137 of the Complaint.

138.    In response to paragraph 138 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

139.    Lyft denies the allegations in paragraph 139 of the Complaint.

140.    Lyft admits that this is what Cal. Lab. Code § 2802 provides, among other things.

141.    Lyft lacks sufficient information or knowledge as to what costs Plaintiffs and Drivers may have incurred.  On this basis it denies the allegations in paragraph 141 of the Complaint.

142.    Lyft lacks sufficient information or knowledge as to what costs Plaintiffs and Drivers may have incurred.  On this basis it denies the allegations in paragraph 142 of the Complaint.

143.    Lyft lacks sufficient information or knowledge as to what costs Plaintiffs and Drivers may have incurred.  On this basis it denies the allegations in paragraph 143 of the Complaint.

144.    Lyft denies the allegations in paragraph 144 of the Complaint.

145.    In response to paragraph 145 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

146.    Lyft denies the allegations in paragraph 146 of the Complaint.

147.    Lyft admits that this is what Cal. Lab. Code § 2699(f) provides, among other things.

148.    Lyft objects to the allegations in paragraph 148 of the Complaint, on the ground that they are vague, ambiguous, and unintelligible.  On this basis, Lyft denies the allegations in paragraph 148 of the Complaint.

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

149.   Lyft denies the allegations in paragraph 149 of the Complaint.

150.   Lyft admits that this is what Cal. Lab. Code § 2699(a) provides, among other things.

151.   Lyft admits that this is what Cal. Lab. Code § 226.3 provides, among other things.

152.   Lyft denies the allegations in paragraph 152 of the Complaint.

153.   Lyft admits that this is what Cal. Lab. Code § 1197.1 provides, among other things.

154.   Lyft denies the allegations in paragraph 154 of the Complaint.

155.   Lyft lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 155, and on that basis denies the allegations in paragraph 155 of the Complaint.

## AFFIRMATIVE DEFENSES

Lyft pleads the following affirmative defenses to the Complaint.  Lyft reserves the right to amend and add to these defenses.  All references to the term "Plaintiffs" below refers to Plaintiff and each member of the putative class he seeks to represent.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

The Complaint and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted against Lyft.

### SECOND AFFIRMATIVE DEFENSE
**(Failure to Exhaust Contractual Dispute Resolution Procedures)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiffs failed to exhaust contractual dispute resolution procedures including, but not limited to, arbitration or mediation.

### THIRD AFFIRMATIVE DEFENSE
**(Releases)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs and/or their agents have released any of their purported causes of action against Lyft.

//

//

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

1

2

### FOURTH AFFIRMATIVE DEFENSE
#### (Payments)

3   The Complaint and each purported cause of action alleged therein are barred, in whole or in

4   part, to the extent Plaintiffs and/or their agents have received payment of any of the amounts

5   claimed therein.

6

7

### FIFTH AFFIRMATIVE DEFENSE
#### (Laches)

8   The Complaint and each purported cause of action alleged therein are barred, in whole or in

9   part, by the equitable doctrine of laches.

10

11

### SIXTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

12   The Complaint, each purported cause of action alleged therein, and the elements of relief

13   sought therein are barred, in whole or in part, by one or more statutes of limitations including, but

14   not limited to, California Code of Civil Procedure §§ 338, 339 and 340, California Business and

15   Professions Code § 17208, and/or California Labor Code § 203.

16

17

### SEVENTH AFFIRMATIVE DEFENSE
#### (Estoppel)

18   Plaintiffs are estopped by their own acts, omissions, representations, and/or courses of

19   conduct from asserting the causes of action upon which they seek relief.

20

21

### EIGHTH AFFIRMATIVE DEFENSE
#### (*Res Judicata* and Collateral Estoppel)

22   The Complaint, each purported cause of action alleged therein, and the elements of relief

23   sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel.

24

25

### NINTH AFFIRMATIVE DEFENSE
#### (Judicial Estoppel)

26   The Complaint, each purported cause of action alleged therein, and the elements of relief

27   sought therein are barred, in whole or in part, by judicial estoppel.

28   //

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiffs have or have had unclean hands with respect to the matters alleged in the Complaint and are therefore barred, in whole or in part, from recovering any relief on the Complaint or any purported cause of action alleged therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Exempt Status)**

The Plaintiffs' claims are barred, in whole or in part, because they were at all times exempt from the provisions of the California Labor Code governing wages, overtime pay, meal and rest break periods, and hours of employment, from the wage orders of California's Industrial Welfare Commission, and/or from any applicable federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Willful Failure to Pay)**

The Plaintiffs are not entitled to any penalty award under any provision California or federal law because at all relevant times Lyft did not willfully, knowingly, or intentionally fail to comply with any provision of law, but rather acted in good faith and had reasonable grounds for believe that it did not violate such provisions.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Fair Labor Standards Act Preemption)**

The Complaint and each purported cause of action alleged therein are preempted by the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

//

//

//

1

2

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Justification And Privilege)

3

4

5

Lyft cannot be liable for any alleged violation of Business and Professions Code § 17200 et seq. because its actions, conduct and/or dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

6

7

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consent)

8

9

10

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs consented to any and/or all of the conduct about which Plaintiff now complains.

11

12

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

13

14

15

Plaintiffs are barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

16

17

### NINETEENTH AFFIRMATIVE DEFENSE
### (Setoff, Offset, and/or Recoupment)

18

19

Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

20

21

### TWENTIETH AFFIRMATIVE DEFENSE
### (Balancing of Hardships)

22

23

24

Plaintiffs are not entitled to injunctive or declaratory relief because the benefit of such relief, if any, is slight compared to the harm Lyft will suffer if injunctive or declaratory relief is permitted.

25

//

26

//

27

//

28

//

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Lack of Irreparable Injury)**

Plaintiffs are not entitled to injunctive or declaratory relief because they will not suffer any irreparable injury if injunctive or declaratory relief is declined.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Representative Claims Violate Lyft's Rights)**

Lyft alleges that, to the extent the Court declines to certify a class, then maintenance of those claims as "representative" actions under the Business and Professions Code or the Private Attorneys General Act (Cal. Lab. Code §§ 2698 *et seq.*) ("PAGA") (assuming, arguendo, some or all of these claims could be so maintained, which Lyft specifically denies) would violate the Due Process Clause of the United States and California Constitutions by authorizing actions to be brought on behalf of a class without requiring class certification of persons allegedly injured by the challenged act or practice. Moreover, any finding of liability pursuant to the Business and Professions Code would violate the Due Process Clause of the United States and California Constitutions because, among other things, the standards of liability under the Business and Professions Code and PAGA are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest. Finally, any award of restitution under the Business and Professions Code would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Primary Jurisdiction Doctrine)**

The Complaint and each purported cause of action alleged therein should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims.

//

//

//

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Constitutional Defense to Penal Damages or Penalties)**

The Plaintiffs are not entitled to recover any penal damages or penalties under California federal law, and any award of penalties would in general or under the facts of the Plaintiffs' Complaint violate Lyft's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

The Plaintiffs' claims are barred to the extent they failed to exhaust administrative remedies, including but not limited to those provided by Cal. Lab. Code § 2699.3.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(No Injury by Wage Statements)**

The Plaintiffs' claims pursuant to Cal. Lab. Code § 226(e) are barred to the extent Plaintiffs were not injured by such wage statements.

//
//
//
//
//
//
//
//
//
//
//

ANSWER BY DEFENDANT LYFT, INC. TO SECOND AMENDED CLASS ACTION COMPLAINT

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, Lyft prays for judgment as follows:

3          1.      That Plaintiffs take nothing by way of the Complaint;

4          2.      That the Complaint be dismissed with prejudice;

5          3.      That the Court enter judgment for Lyft and against the Plaintiffs on all of their

6   alleged claims;

7          4.      That the Court award Lyft its attorneys' fees and costs of suit, including pursuant to

8   Cal. Lab. Code § 218.5

9          5.      The Court grant Lyft such other and further relief as the Court deems just and

10  proper.

11

12  DATED:  January 10, 2014                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.
13

14

15                                          By:  /s/ Thomas M. McInerney
                                                Thomas M. McInerney
16                                              Christopher M. Ahearn
                                                Alex Santana
17                                              Attorneys for Defendant
                                                LYFT, INC.
18

19

20

21

22                                                                   16830498.5

23

24

25

26

27

28