THOMAS M. MCINERNEY, State Bar No. 162055
tmm@ogletreedeakins.com
CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
ALEX SANTANA, State Bar No. 252934
alex.santana@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:      415.442.4870

Attorneys for Defendant
LYFT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER and ALEJANDRA MACIEL, on behalf of themselves and all others similarly situated,<br><br>           Plaintiff,<br><br>     v.<br><br>LYFT, INC.<br><br>           Defendant. | Case No. 3:13-cv-04065-VC<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed.R.Civ.Proc. 8(a)(2), 12(b)(6), 12(f), 15]**<br><br>[*Filed concurrently with the Declaration of Alex Santana and [Proposed] Order*]<br><br>Location:    Courtroom 4<br>Date:          October 30, 2014<br>Time:         10:00 a.m.<br><br>Complaint Filed: September 3, 2013<br>Judge:               Hon. Vince Chhabria<br>Trial Date:        None Set |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 3

II.   STATEMENT OF FACTS .................................................................................................. 3

III.  LEGAL ARGUMENT ......................................................................................................... 5

    A.    PLAINTIFFS' SEVENTH CAUSE OF ACTION, AND ALL
           RELATED AMENDMENTS IN THE TAC, SHOULD BE
           DISMISSED AND/OR STRICKEN BY THE COURT .................................... 5

    B.    PLAINTIFFS' ALLEGATIONS TO A NATIONAL CLASS
           SHOULD BE STRICKEN FROM THE TAC .................................................. 6

IV.    CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1994), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ................................................................................................................5

**STATUTES**

California Business & Professions Code § 17200, *et seq* ........................................................3, 5, 7

California Labor Code § 2802 ...................................................................................................3, 5, 7

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure

    Fed. R. Civ. Proc. Rule 12(b) ....................................................................................................5

    Fed. R. Civ. Proc. Rule 12(f) .................................................................................................5, 6

    Fed. R. Civ. Proc. Rule 15 ......................................................................................................5, 6

    Fed. R. Civ. Proc. Rule 15(a) .....................................................................................................5

    Fed. R. Civ. Proc. Rule 15(a)(1)(B) ...........................................................................................5

    Fed. R. Civ. Proc. Rule 30(b)(6) ................................................................................................4

1 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2       NOTICE IS HEREBY GIVE that on October 30, 2014, 2014, at 10:00 a.m., or as soon
3 thereafter as the matter may be heard in Courtroom 4 of the above-entitled Court, Defendant Lyft,
4 Inc. ("Lyft"), will and hereby does move for an order, pursuant to Federal Rules of Civil Procedure
5 8(a)(2) and 12(b)(6), and/or 12(f), and 15, dismissing, without leave to amend, plaintiff Patrick
6 Cotter's and Alejandra Maciel's seventh cause of action in the plaintiffs' Third Amended
7 Complaint ("TAC") for alleged violations of California Business & Professions Code § 17200, *et*
8 *seq*, and also dismissing, without leave to amend, plaintiffs' sixth cause of action for alleged
9 violations of California Labor Code § 2802 to the extent that it depends on the seventh cause of
10 action.  This motion is made on the grounds that plaintiffs' seventh cause of action, and all related
11 allegations in the TAC, constitute a violation of Rule 15 of the Federal Rules of Civil Procedure
12 because plaintiffs are now barred from adding additional causes of action against Lyft.  Moreover,
13 plaintiffs were not granted leave to add additional causes of action against Lyft in the Court's
14 August 7, 2014 Order striking plaintiffs' class allegations, as that order only permitted plaintiffs to
15 amend their class allegations.

16       Lyft further moves for an order, pursuant to Rule 8(a)(2), 12(b)(6), and/or 12(f) of the
17 Federal Rules of Civil Procedure, dismissing without leave to amend plaintiffs' allegations
18 pertaining to the assertion of claims on behalf of absent class members that do not reside in
19 California.  This motion is made on the grounds that the provisions of the California Labor Code
20 do not apply to members of any alleged national class and because those allegations are immaterial
21 or impertinent matters.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE
PLAINTIFFS' THIRD AMENDED COMPLAINT; MEM. OF PTS AND AUTH'S IN SUPPORT THEREOF

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities in support thereof, the records and pleadings on file herein and any other evidence and arguments as may be presented.

DATED: September 15, 2014   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Alex Santana*
    Thomas M. McInerney
    Christopher M. Ahearn
    Alex Santana
    Attorneys for Defendant
    LYFT, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Patrick Cotter and Alejandra Maciel have impermissibly added a new cause of action against defendant Lyft, Inc. ("Lyft") in their Third Amended Complaint ("TAC") despite the fact that plaintiffs' time to add new claims has lapsed.  The Court's August 7, 2014 order striking the plaintiffs' class allegations and permitting leave to file an amended complaint did not authorize plaintiffs to include new causes of action in their amended complaint.  To the contrary, at the June 26, 2014 hearing addressing the Court's Order to Show Cause regarding subject matter jurisdiction, this very issue was discussed, and the Court stated that it agreed plaintiffs should not be provided the opportunity to add claims at this late stage of the case.  As such, plaintiffs' seventh cause of action in the TAC for alleged violation of California Business & Professions Code § 17200, *et seq*, should be dismissed and/or stricken because it is barred by Court order.  Moreover, plaintiffs' sixth cause of action for alleged violations of California Labor Code § 2802 should be dismissed and/or stricken to the extent that it has been amended to incorporate the seventh cause of action.

## II. STATEMENT OF FACTS

Plaintiff Cotter filed this action in the Northern District of California on September 3, 2013.  (dkt. #1)  On November 4, 2013, counsel for Cotter filed a First Amended Complaint adding another named plaintiff, Alejandra Maciel, and asserting additional causes of action.[1]  (dkt. #10)  On December 9, 2013, the parties appeared at a Case Management Conference before the Honorable Yvonne Gonzalez Rogers during which Judge Gonzalez Rogers ordered that December 20, 2013 would be the last day to join parties or amend pleadings in this action.  (dkt. #24 & 25)  Thereafter, on December 20, 2013, the last day for plaintiffs to file an amended pleading, plaintiffs filed a Second Amended Complaint ("SAC") pursuant to a Joint Stipulation between the parties that was later approved by Judge Gonzalez Rogers.  (dkt. #26 & 27)  Lyft filed an answer to plaintiffs' SAC on January 10, 2014 (dkt. #29), which definitively closed the window

---

[1] Plaintiffs Patrick Cotter and Alejandra Maciel are jointly referred to herein as "plaintiffs."

for plaintiffs to add claims against Lyft.  The parties proceeded with extensive discovery in this matter throughout 2014 including Lyft's taking of the depositions of both named plaintiffs in this action and plaintiffs' taking of three depositions of Lyft representatives pursuant to Federal Rule of Civil Procedure 30(b)(6).

On April 17, 2014, this matter was re-assigned to the Honorable Vince Chhabria.  On May 23, 2014, the Court ordered that the parties submit briefing on whether the Court has subject matter jurisdiction over this case.  (dkt. #42)  The parties submitted briefs on the issues raised by the Court and appeared for a hearing before the Court on June 26, 2014.  (dkt. #49)  During the hearing, counsel for Lyft addressed the fact that, should plaintiffs be permitted to file an amended complaint, the amendments should be limited to the class definition because the time for plaintiffs to add new claims had long since passed.  (Declaration of Alex Santana ("Santana Decl."), Ex. "A")  The court agreed with Lyft's position on this issue.  (*Id*.)  The transcript of the June 26, 2014 hearing reflects the following exchange occurred among the Court and counsel:

> MR. McINERNEY:    And just one final I'd add is if the Court is inclined to grant leave to amend, I'm understanding from the Court's comments that it may be to the class definition issue, I would be concerned if they're now granted leave to amend and they add in a series of other legal claims that they really should have asserted earlier in this action.
>
> THE COURT:    That's a good point.  Yeah, that's a good point.  That's right.  Anything further?
>
> MR. McINERNEY:    No, your Honor.
>
> ME. CARLSON:    Not from me.
>
> THE COURT:    Thank you very much.

(Santana Decl., Ex. "A" at 42:16-43:3).

On August 7, 2014, the Court issued an order striking the class allegations in plaintiffs' SAC and permitting plaintiffs' leave to amend only their class claims.  (dkt. #50)  The Court's order stated, "The Court now strikes the class allegations.  If the plaintiffs wish to file an amended complaint that pleads a proper wage and hour class action, they may do so within 21 days." (Santana Decl., Ex. "B" at 1:19-21)  The Court's Order further states that, "The ***class claims*** are stricken with leave to amend." (*Id*. at 9:19) (emphasis added)  Indeed, nothing in the Court's order

permits plaintiffs to add claims that were not previously contained in their SAC as the Order is limited to amendments to the class claims.

Despite the Court's limited order granting leave to amend the class allegations, plaintiffs have now taken the opportunity to file a Third Amended Complaint that contains an entirely new cause of action for the alleged violation of section 17200, *et seq.* of the California Business & Professions Code. The seventh cause of action in the TAC is based on plaintiffs' allegations that Lyft failed to comply with section 2802 of the California Labor Code. (dkt. #50, ¶¶ 138-145). Specifically, plaintiffs now allege that they are entitled to restitution pursuant to section 17200, a claim that was never asserted in the prior complaints. None of these new additions are even remotely related to the Court's order striking the class allegations involving the alleged nationwide class, which was the issue presented by the Court's August 7 order.

### III.  LEGAL ARGUMENT

#### A.  Plaintiffs' Seventh Cause of Action, and All Related Amendments In The TAC, Should Be Dismissed and/or Stricken By The Court

Plaintiffs do not have the right to add causes of action against Lyft at this late stage of the litigation. In this case, the Court granted plaintiffs leave to amend only the class allegations to cure the defects with the class claims that existed in the SAC with respect to an asserted nationwide class under California law, not to add additional claims nearly a year after this case was initiated. Indeed, plaintiffs' right to add causes of action lapsed long ago. Rule 15(a) of the Federal Rules of Civil Procedure permits litigants to amend a pleading once "as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b), or (f), whichever is earlier." Fed. R. Civ. Proc. 15(a)(1)(B). Plaintiffs filed the SAC on December 20, 2013 and did not amend their complaint within the 21-day period provided by Rule 15.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1994)

("'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (internal citations omitted), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994).  Plaintiffs' new allegations relating to the seventh cause of action should be stricken because they are immaterial and impertinent to this case in light of the fact that Rule 15 precludes plaintiffs from adding this new claim.  As such, the new allegations are not essential for any claim for relief and do not pertain to any issues in question since the underlying claim is invalid.

Moreover, at no point during the more than eight months between the time plaintiffs filed the SAC and the filing of the TAC did plaintiffs seek to add their new claim for relief to this action either through stipulation or by court order.  Instead, plaintiffs are attempting to circumvent the federal rules.  Permitting plaintiffs to add those claims at this late stage would be highly prejudicial to Lyft due to the fact that the parties have already spent substantial time and resources conducting discovery in this matter, including the depositions of the named plaintiffs, and several 30(b)(6) witnesses, without the plaintiffs' seventh cause of action being a part of this case.  For these reasons, the court should dismiss and/or strike all allegations in the TAC that relate to plaintiffs' seventh cause of action.

**B.** **Plaintiffs' Allegations To A National Class Should Be Stricken From The TAC**

Footnote 1 of plaintiffs' TAC contains a reference to allegations of a national class that this Court has already ruled may not be asserted.  In this footnote, plaintiffs assert the following: "Plaintiffs file this Third Amended Complaint pursuant to the Court's Order of August 7, 2014 (Dkt. No. 51).  In this Complaint, Plaintiffs have removed all national class allegations.  However, in doing so, Plaintiffs do not waive their right to assert claims on behalf of a national class, and for appellate purposes reserve their rights with respect to this issue."  (TAC at 1:26-28)  In the Court's August 7, 2014 Order, the Court held that plaintiffs may not maintain their claims on behalf of a nationwide class, and therefore they no longer have a right in this proceeding to assert such a nationwide class.  As such, footnote 1 of the TAC constitutes immaterial and impertinent matter that should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For all of the foregoing reasons, this Court should dismiss and/or strike plaintiff's seventh cause of action for alleged violation of California Business & Professions Code § 17200, *et seq*, without leave to amend, and plaintiffs' sixth cause of action for alleged violations of California Labor Code § 2802 to the extent that it depends on the seventh cause of action.

DATED:  September 15, 2014       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Alex Santana*
    Thomas M. McInerney
    Christopher M. Ahearn
    Alex Santana
    Attorneys for Defendant
    LYFT, INC.

**CERTIFICATE OF SERVICE**
*Cotter, et al. v. Lyft, Inc.*
<u>USDC Northern District, Case No. 13-cv-04065-VC</u>

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On September 15, 2014, I served the following document(s):

**DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

James Nebel
Flynn, Delich & Wise LLP
343 Sansome St., Suite 540
San Francisco, CA 94104
*Mediator*

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the above addressee(s) at the facsimile number(s) listed above, in accordance with:
　　☐ the written confirmation of counsel in this action;
　　☐ [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b);
　　☐ [Federal Court] in accordance with the written confirmation of counsel in

1 | this action and order of the court.

2 | ☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY MESSENGER:** I caused the document(s) to be personally served by placing the document(s) in (a) sealed envelope(s) to be hand-delivered by same-day messenger service to the above addressee(s).

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 15, 2014, at San Francisco, CA.

*[signature]*

Sarah Smith

18911628.4