Matthew D. Carlson (State Bar No. 273242)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Shannon Liss-Riordan (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Email: sliss@llrlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICK COTTER and ALEJANDRA MACIEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | Case No.: 3:13-cv-04065-VC<br><br>**Hon. Vince Chhabria**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Location: Courtroom 4<br>Date:     October 30, 2014<br>Time:     10:00 a.m.<br><br>Complaint Filed: September 3, 2013<br>Trial Date: Not set |

## I. INTRODUCTION

Through its "Motion to Dismiss and/or Strike Plaintiffs' Third Amended Complaint," Defendant seeks to dismiss what it characterizes as Plaintiffs' "new" California Business & Professions Code § 17200 claim, purportedly filed without leave of Court. However, there is nothing substantively "new" about the claim: it is based exclusively on preexisting allegations regarding Defendant's failure to reimburse its Drivers for work related expenses in violation of California Labor Code § 2802, a claim asserted throughout this litigation. Defendant deposed both Plaintiffs regarding these allegations, and Plaintiffs do not seek any "new" forms of relief pursuant to the claim. Defendant's argument that this claim should be dismissed because it injects "new" issues into this litigation is, therefore, both incorrect and misleading.

Defendant also moves to strike a footnote preserving Plaintiffs' right to assert national class claims in the event of a favorable Appellate Court decision because it is purportedly "immaterial" to the case. To the contrary, this footnote bears on an important procedural issue in this litigation and was necessary to protect Plaintiffs' rights should the Court of Appeals ultimately rule in their favor regarding the extraterritorial application of California law. Moreover, the footnote requires no additional discovery and causes Defendant no prejudice from its inclusion.

For these reasons and the reasons discussed below, Defendant's Motion should be denied.

## II. STATEMENT OF FACTS

On August 7, 2014, this Court issued an Order holding that Plaintiffs were not permitted to assert a national class action for claims arising from Defendant's alleged California Labor Code and Business & Professions Code violations. (Dkt. No. 51.) In so ruling, the Court struck from the pleadings Plaintiffs' class allegations and class claims, but also permitted Plaintiffs an opportunity to amend their Complaint to plead a "proper wage and hour class action." (*Id.* at 1:19-21; 9:19.)

Plaintiffs timely filed a Third Amended Complaint (hereafter "TAC"), in which they revised their class allegations and class claims to assert California-only classes in accordance with the Court's Order. (Dkt. No. 55.) Defendant's Motion places at issue two other amendments in the TAC: (1) Plaintiffs' seventh claim for Defendant's violation of California Business & Professions Code § 17200, premised on its failure to reimburse its Drivers for mileage costs in violation of California Labor Code § 2802, *id.* at 26:10-27:7, and (2) a footnote explicitly reserving Plaintiffs' right to reassert national class allegations and class claims in the event the Court of Appeals determines that either the California Labor Code or the California Business & Professions Code apply extraterritorially under the circumstances. (*Id.* at fn. 1.)

Plaintiffs did not amend any substantive allegations regarding Lyft's failure to reimburse its Drivers, and both Plaintiffs were deposed regarding their reimbursement allegations. (Declaration of Matthew D. Carlson ("Carlson Decl."), **Exhibit A**, excerpts from the transcript of the deposition of Alejandra Maciel, at 153:1-154:14; **Exhibit B**, excerpts from the transcript of the deposition of Patrick Cotter at 172:7-175:2.) Plaintiffs do not seek any new forms of relief arising from their seventh claim. (Dkt. No. 55 at pp. 28-29, *cf.* Dkt. No. 28 at pp. 30-31.)

### III.   ARGUMENT

**A.   The Court's August 7 Order Permitted Plaintiffs To Assert Their Seventh Claim.**

Fed. R. Civ. P. 15(a) permits a plaintiff to amend his or her pleading with leave of the court.

In its August 7 Order, the Court permitted Plaintiffs to "file an amended complaint that pleads a proper wage and hour class action." (Dkt. No. 51 at 1:19-21.) Plaintiffs did *not* interpret this language to allow them free reign to entirely overhaul their theories of liability, claims, or requested relief, particularly because the Court made clear at the hearing that Plaintiffs were not permitted to "add in a series of other legal claims." Nor did Plaintiffs see any need to "add in a series of other legal claims" when amending their complaint, and they did not do so. Rather, Plaintiffs merely added a single Business & Professions Code claim premised on *exactly* the

same allegations underlying Plaintiffs' previously asserted reimbursement claim.[1] In other words, the single "new" § 17200 claim is substantively identical to the reimbursement claim. In fact, Plaintiffs included the "new" claim for only one reason: the possibility that the Court of Appeals may ultimately decide there is a distinction between the extraterritorial application of the Business & Professions Code versus the extraterritorial application of the Labor Code.

It follows that Defendant's argument that it will be "prejudiced" if the claim is permitted to stand "because the parties have already spent substantial time and resources conducting discovery in this matter, including the depositions of the named plaintiffs, and several 30(b)(6) witnesses, without the plaintiffs' seventh cause of action being a part of this case" is without merit. Both Plaintiffs were deposed regarding the subject matter of their "new" claim, *i.e.* reimbursement for work-related expenditures, and no additional testimony from Rule 30(b)(6) witnesses or any other witnesses on the issue is anticipated. In other words, no new discovery is necessitated by this claim, nor does Defendant propose otherwise with any specificity.

Plaintiffs' understanding from both the hearing and the Court's Order is that they were not permitted to modify the subject matter of the litigation in an amended complaint, but were otherwise free to assert a "proper wage and hour class action." This is precisely what they did. Defendant's attempt to dismiss Plaintiffs' seventh claim should be denied.

**B.   The Court Should Decline To Strike Footnote One In Plaintiffs' Complaint.**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in

---

[1] An unlawful business practices claim under § 17200 "borrows violations of other laws and treats them as unlawful practices independently actionable under section 17200." *Briosos v. Wells Fargo Bank*, C 10-02834 LB, 2010 WL 5387826 (N.D. Cal. Dec. 21, 2010).

federal practice, and because they are often used as a delaying tactic." *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) Additionally, "[g]iven their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id*.

Here, Defendant requests that the Court strike footnote one of Plaintiffs' TAC as "immaterial and impertinent" under Rule 12(f). The footnote is neither immaterial nor impertinent. Rather, it bears on an important procedural issue in this case, and was necessary to avoid the possibility of waiving Plaintiffs' ability to assert national class claims in the event of a favorable appellate court decision. *E.g., Burns v. Baldwin*, 59 F. App'x 921, 922 (9th Cir. 2003).

Moreover, Defendant will suffer no prejudice from the footnote's inclusion – and it does not argue otherwise – because this is not an allegation that requires discovery, and because it touches on an issue already resolved for the time being by this Court. Given the innocuous nature of the footnote, it appears Defendant's motivation for moving to strike it is to support its contention that the pleadings are "unsettled" and that progress of this litigation should be delayed accordingly. (*See* Joint Case Management Statement, Dkt. No. 61 at 9:8-23.) This theory is supported by Defendant's request for *five more months* to test Plaintiffs' claims through Rule 56 motions, despite the fact that discovery regarding Plaintiffs' claims is nearly complete. (*See id.*) Accordingly, Defendant's request to strike the footnote should be denied.

## IV. CONCLUSION

Plaintiffs' amendments were and are permissible and cause Defendant no prejudice in any manner. Defendant's Motion(s) should be denied in its entirety.


Dated: September 22, 2014            Carlson Legal Services

           By: ___/s/ Matthew D. Carlson_____
           Matthew D. Carlson
           Attorney for Plaintiffs