Counsel listed on following page.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PATRICK COTTER and ALEJANDRA MACIEL, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br>    v.<br>LYFT, INC.,<br>                  Defendant. | **Case No.: 3:13-cv-04065-VC**<br><br>**Hon. Vince Chhabria**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Matthew D. Carlson (State Bar No. 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Shannon Liss-Riordan (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street – Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Email: sliss@llrlaw.com

Attorneys for Plaintiffs
PATRICK COTTER and ALEJANDRA MACIEL


Rachael E. Meny, State Bar No. 178514
rmeny@kvn.com
R. James Slaughter, State Bar No. 192813
rslaughter@kvn.com
Rebekah L. Punak, State Bar No. 248588
rpunak@kvn.com
Alexander Dryer, State Bar No. 291625
ADryer@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Thomas M. Mcinerney, State Bar No. 162055
tmm@ogletreedeakins.com
Christopher M. Ahearn, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
Alex Santana, State Bar No. 252934
alex.santana@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415 442 4810
Facsimile:    415 442 4870


Attorneys for Defendant
LYFT, INC.

Pursuant to the Court's March 13, 2015 Order Scheduling Case Management Conference, Plaintiffs Patrick Cotter and Alejandra Maciel (hereafter "Plaintiffs") and Defendant Lyft, Inc. (hereafter "Lyft" or "Defendant") hereby submit this Joint Case Management Statement in advance of the parties' March 31, 2015 telephonic Case Management Conference.

**1.    Jurisdiction and Service**

The parties agree that this Court has jurisdiction over the case because the Court had original jurisdiction when it was initially filed and that venue is proper in the Northern District of California.  All parties have been served.

**2.    Facts**

Plaintiffs' Statement of Facts

Plaintiffs and putative class members are former and current Lyft Drivers in California who were and/or are misclassified as independent contractors under California law. Pursuant to the Court's March 11, 2015 Order Denying Cross-Motions for Summary Judgment, Dkt. No. 94, it will be a jury's function to determine whether Lyft Drivers were and/or are wrongly classified.

Pursuant to the parties' stipulation and the Court's subsequent Order regarding "phased discovery," Dkt. No. 32, the parties will now engage in class certification-related discovery, culminating in briefing regarding a Motion for Class Certification. Plaintiffs anticipate that their claims, and Lyft's independent contractor affirmative defense, can be adjudicated on a class-wide basis because, among other reasons, Lyft has uniformly maintained the right to control all of its Drivers through the at-will termination provision included in every version of Lyft's Terms of Service. All damages-related discovery, and any expert discovery, will occur following the Court's ruling on a Motion for Class Certification.

Defendant's Statement of Facts

Lyft is a technology company that provides a way for people who need a ride to find a driver willing to take them where they want to go.  Lyft community members who elect to offer rides are independent contractors and not employees under California law because, among other things, they retain nearly complete control over whether, when, and how to provide rides to other community members.  As a group, Lyft Drivers are incredibly diverse and include individuals

who offer just a handful of rides a month to some who drive a full schedule. Many Lyft Drivers also drive for Uber and Sidecar; indeed some log into the Lyft and Uber systems simultaneously.

Lyft disagrees with any suggestion by the Plaintiffs that the Court's March 11, 2015 order applies to the entire putative class of former and current Lyft Drivers. Pursuant to the Court's Order on the Parties' Joint Stipulation Regarding Discovery and Scheduling, Dkt. No. 32, the first phase of discovery and summary adjudication motions extended only as to the named Plaintiffs' individual claims, and not as to the entire putative class. The parties have not yet conducted discovery on the issue of class certification or the merits of the class claims. If a class is certified, Lyft anticipates that summary judgment or adjudication on the merits of the asserted claims may be possible with respect to some putative class members, even if the claims of the named Plaintiffs must be resolved by the jury.

Statement of Principal Factual Issues

1. Whether the named Plaintiffs were misclassified as independent contractors under California state law;
2. To the extent any class is certified in this action, whether any member of the class was misclassified as an independent contractor under California state law;
3. Whether Lyft improperly took any gratuities of Plaintiffs or any putative class member, to the extent required by California Labor Code § 351;
4. Whether Lyft failed to pay Plaintiffs or any putative class member a minimum wage, to the extent required by California law;
5. Whether Lyft failed to reimburse Plaintiffs or any putative class member for necessary and reasonable business expenditures, to the extent required by California Labor Code § 2802;
6. Whether Lyft failed to provide Plaintiffs or any putative class member with wage statements, to the extent required by California Labor Code § 226;
7. The amount of damages, if any.

**3.    Legal Issues**

Principal legal issues include but are not necessarily limited to:

1. Whether either Plaintiff or any member of the putative class was and/or is misclassified as an independent contractor; and
2. Whether Plaintiffs' claims are suitable for class-wide treatment

**4.    Motions**

No motions are pending before the Court.

The Court denied the parties' Cross-Motions for Summary Judgment (Dkt. No. 94).

The Court denied both parties' Motions for to File Under Seal (Dkt. No. 96).

The Court denied Defendant's second Motion for Administrative Relief to File Notice of New Authority (Dkt. No. 97)

The Court granted Defendant's first Motion for Administrative Relief to File Notice of New Authority (Dkt. No. 89)

The Court denied Defendant's Motion to Dismiss (Dkt. No. 63)

Plaintiffs anticipate filing a Rule 23 Motion for Class Certification and may also, if necessary, file discovery-related motions.

Defendant may file a summary judgment or adjudication motion if a class is certified, and may, if necessary, file discovery-related motions.

**5.    Amendment of Pleadings**

The pleadings in this matter closed on December 23, 2013, per Court Order. Plaintiffs do not currently anticipate a need to amend their operative Complaint. Should Defendant challenge either or both of the named plaintiffs on typicality or adequacy grounds in connection with a Motion for Class Certification, however, Plaintiffs may move to add or substitute additional lead plaintiffs as appropriate.  Defendant will oppose any motion to amend the Third Amended Complaint as the pleadings are now closed.

**6.    Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to

Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The parties have exchanged initial disclosures in accordance with Fed. R. Civ. P. 26.

**8.     Discovery**

Per stipulation and Court Order, discovery is proceeding in the following manner:

(1)     <u>Phase I:  Liability Discovery as to Named Plaintiffs</u>

The parties have completed discovery regarding the merits of Plaintiff Cotter and Plaintiff Maciel's own claims.

(2)     <u>Phase II:  Class Certification-Specific Discovery</u>

During the next phase of discovery, the parties may engage in discovery relevant to class certification issues not already addressed during Phase I.  Such discovery may include expert discovery to the extent the Parties seek to introduce expert reports or testimony in support of class certification papers.  Following the completion of Phase II, Plaintiffs will file a motion for class certification pursuant to Fed. R. Civ. P. 23.

Pursuant to the Court's direction at the May 23, 2014 Case Management Conference and the April 1, 2014 Order regarding the Parties' Joint Stipulation Regarding Discovery and Scheduling, Dkt. No. 32, if a class is certified in this action, Defendant may file a Rule 56 Motion for Summary Judgment/Adjudication directed at the class claims.  Plaintiffs believe additional Rule 56 Motion practice will be unnecessary.

(3)     <u>Phase III:  Damages Discovery</u>

During this phase of discovery, Lyft will provide responses to Plaintiffs' discovery regarding damages and penalties. The close of Phase III discovery will also be the close of non-expert discovery.

(4)     <u>Phase IV:  Expert Discovery</u>

Following Phase III, the parties will, if necessary, exchange expert reports and/or rebuttal reports, to the extent they intend to use such experts at trial.

1  Phase I discovery and related motion practice is complete. There are currently no
2 deadlines regarding Phase II, III, or IV discovery.
3  The parties propose the following schedule:
4  • Close of Phase II discovery: October 1, 2015
5  • Deadline for Plaintiffs to file Rule 23 Motion: November 2, 2015
6  • Deadline for Defendant to file Opposition to Rule 23 Motion: December 2, 2015
7  • Deadline for Plaintiffs to file Reply in Support of Rule 23 Motion: December 17,
8     2015
9  • Deadlines regarding Phase III and IV discovery: to be determined at a further
10    scheduling conference following Court's ruling on Plaintiffs' Rule 23 Motion.

**9.  Class Actions**

Plaintiffs' Statement

Plaintiffs, on behalf of all Lyft Drivers, intend to move for class certification and will attempt to prove to a jury that defendant violated the California Labor Code with respect to all Lyft Drivers. *See Hibbs-Rines v. Seagate Technologies, LLC*, C 08-05430 SI, 2009 WL 513496, at *4 (N.D. Cal. Mar. 2, 2009).

Plaintiffs contend that Lyft maintains uniform policies and practices that are class-wide evidence that Lyft misclassified and continues to misclassify each of its Drivers. Plaintiffs further contend that liability for each claim can be established with class-wide evidence that Lyft maintains a policy of not providing its Drivers accurate wage statements, that Lyft maintains a policy of not reimbursing its Drivers for mileage, and that Lyft has in the past maintained a policy of taking from Drivers portions of their tips and not paying Drivers any wages. Accordingly, each of the putative class claims can be resolved in "one stroke" as required by Rule 23. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011); *see also Scovil v. FedEx Ground Package Sys., Inc.*, 886 F. Supp. 2d 45, 56 (D. Me. 2012), reconsideration denied (Oct. 10, 2012) ("[t]here there will be a central question to resolve: were the drivers independent contractors or employees? Once that question is resolved, either the lawsuit is over, or there are damages to be calculated.")

Plaintiffs intend to move for class certification in accordance with the schedule set forth herein.

Defendant's Position

Lyft will oppose class certification. Class treatment is inappropriate because liability exists only if Plaintiffs can establish that drivers are employees, which requires consideration of numerous factors that necessarily will vary significantly from driver to driver. Drivers who drive just a few hours a week must be analyzed differently than drivers who drive heavier schedules. Drivers who drive in a large city such as Los Angeles may be treated differently than drivers in smaller cities like Modesto. And drivers who have signed different versions of Lyft's Terms of Service, seen different Lyft FAQ's, or been subjet to different Lyft practices, must be treated differently as these Terms, FAQs and practices have changed over time.   For those, and other, reasons, such variations are incompatible with the requirements of Rule 23.

**10.     Related Cases**

Defendant filed a Notice of Pendency of Other Action or Proceeding advising the Court that of the action entitled *Steven Price, individually and on behalf of all others similarly situated, v. Lyft, Inc., Los Angeles Superior Court*, Case No. BC548626 ("Price action"). The Price action is presently stayed.

**11.     Relief**

Relief Sought

Plaintiffs, on behalf of themselves and the members of each putative class, pray for relief as follows:

    a.     Certification of this action as a class action as described above;

    b.     Designation of Plaintiffs as representatives of each putative class;

    c.     Designation of Plaintiffs' Counsel as Class Counsel for each putative class;

    d.     Restitution pursuant to Plaintiffs' claims under Cal. Bus. & Prof. Code § 17200, et seq.;

e. In the alternative to restitution pursuant to Plaintiffs' claims under Cal. Bus. & Prof. Code § 17200, et seq., compensatory damages pursuant to Plaintiffs' conversion claims;

f. Minimum wage back pay pursuant to Cal. Lab. Code § 1194;

g. Statutory penalties pursuant to Cal. Lab. Code § 226;

h. Civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004;

i. Reimbursement pursuant to Cal. Lab. Code § 2802;

j. Pre-judgment and post-judgment interest pursuant to Cal. Lab. Code § 1194 and Cal. Civ. Code § 3287;

k. Attorneys' fees as provided by Cal. Code. Civ. P. § 1021.5, Cal. Lab. Code § 1194, and Cal. Lab. Code § 226, or as provided by the parties' agreement, if any; and

l. Costs as provided by Cal. Lab. Code § 1194, Cal. Lab. Code § 226, Fed. R. Civ. P. 54(d), Local Rule 54-3, and/or Cal. Code Civ. P. § 1021 or as provided by the parties' agreement, if any.

Plaintiffs' Calculation of Damages:

A. Plaintiff Cotter

1. First Violation of the California Unfair Competition Law: $75.43

Calculated per Lyft's responses to Plaintiff Patrick Cotter's Interrogatories, Set One, based on "administrative fees" collected from Plaintiff by Lyft.

2. Conversion (in the alternative to calculation no. 1): $75.43

Calculated per Lyft's responses to Plaintiff Patrick Cotter's Interrogatories, Set One, based on "administrative fees" collected from Plaintiff by Lyft.

3. Failure to Pay Minimum Wage: $552

Calculated per Lyft's responses to Plaintiff Patrick Cotter's Interrogatories, Set One, based on Plaintiff's time spent in "driver mode."

4. Second Violation of the California Unfair Competition Law (in the alternative to calculation no. 3 above): $552

923392

1    Calculated per Lyft's responses to Plaintiff Patrick Cotter's Interrogatories, Set One,

2 based on Plaintiff's time spent in "driver mode."

3    5.    Failure to Furnish Accurate Wage Statements: $1,050

4    Plaintiff worked for Lyft from on or about September 3, 2012 to on or about January 30,

5 2013. During this time period, there were approximately 11 pay periods. Pursuant to Cal. Lab.

6 Code § 226(e)(1), Lyft is subject to penalties in the amount of $50(1) + $100(10) = $1,050.

7    6.    Reimbursement: $335.78

8    Calculated per Lyft's responses to Plaintiff Patrick Cotter's Interrogatories, Set One,

9 based on Plaintiff's miles driven while in "driver mode."

10    7.    PAGA penalties: To be determined.

11    Plaintiff is entitled to recover a currently unspecified amount of civil penalties in his

12 representative action brought under PAGA.

13 Total Damages Claimed: $963.21

14 Total Penalties Claimed: $1,050, plus recoverable penalties pursuant to PAGA

15 Total Damages and Penalties Claimed: $2,013.21 (not including recoverable PAGA penalties,

16 interest, attorneys' fees, or costs)

17 B.    Plaintiff Maciel

18    1.    First Violation of the California Unfair Competition Law: $64

19    Calculated per Lyft's responses to Plaintiff Alejandra Maciel's Interrogatories, Set One,

20 based on "administrative fees" collected from Plaintiff by Lyft.

21    2.    Conversion (in the alternative to calculation no. 1 above): $64

22    Calculated per Lyft's responses to Plaintiff Alejandra Maciel's Interrogatories, Set One,

23 based on "administrative fees" collected from Plaintiff by Lyft.

24    3.    Failure to Pay Minimum Wage: $512

25    Calculated per Lyft's responses to Plaintiff Alejandra Maciel's Interrogatories, Set One,

26 based on Plaintiff's time spent in "driver mode."

27    4.    Second Violation of the California Unfair Competition Law (in the alternative to

28 calculation no. 3): $512

Calculated per Lyft's responses to Plaintiff Alejandra Maciel's Interrogatories, Set One, based on Plaintiff's time spent in "driver mode."

5. Failure to Furnish Accurate Wage Statements: $250

Plaintiff worked for Lyft from on or about August 9, 2013 to on or about September 13, 2013 (*see* Plf.'s initial disclosure documents at Maciel_0020, 0081). During this time period, there were approximately 3 pay periods. Pursuant to Cal. Lab. Code § 226(e)(1), Lyft is subject to penalties in the amount of $50(1) + $100(2) = $250.

6. Reimbursement: $262.73

Calculated per Lyft's responses to Plaintiff Alejandra Maciel's Interrogatories, Set One, based on Plaintiff's miles driven while in "driver mode."

7. PAGA penalties: To be determined.

Plaintiff is entitled to recover a currently unspecified amount of civil penalties in his representative action brought under PAGA.

Total Damages Claimed: $838.73

Total Penalties Claimed: $250, plus recoverable penalties pursuant to PAGA

Total Damages and Penalties Claimed: $1,088.73 (not including recoverable PAGA penalties, interest, attorneys' fees, or costs)

Defendant's Position

Plaintiffs and the putative class are entitled to no relief.

**12. Settlement and ADR**

The parties have previously agreed to mediation as an alternative dispute resolution procedure. There is no mediation deadline currently in place.

The parties are willing to mediate the claims of the individual Plaintiffs prior to September 1, 2015, but believe it would be premature to mediate class claims prior to resolution of the motion for class certification.

**13. Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

Plaintiffs do not currently believe that issues may be further narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts). Plaintiffs do not currently request to bifurcate issues, claims, or defenses.

Defendant believes that it is premature to make such a determination.

**16.   Expedited Trial Procedure**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   Scheduling**

The parties propose the following schedule:

- Close of Phase II discovery: October 1, 2015
- Deadline for Plaintiffs to file Rule 23 Motion: November 2, 2015
- Deadline for Defendant to file Opposition to Rule 23 Motion: December 2, 2015
- Deadline for Plaintiffs to file Reply in Support of Rule 23 Motion: December 17, 2015
- Deadlines regarding Phase III and IV discovery: to be determined at a further scheduling conference following Court's ruling on Plaintiffs' Rule 23 Motion.
- Trial and a pre-trial conference have not been scheduled.

**18.   Trial**

The parties anticipate a trial should not last more than two weeks.

**19.   Disclosure of Non-party Interested Entities or Persons**

Both parties filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

The undersigned Plaintiffs' counsel restates and certifies that pursuant to Civil L.R. 3-16, as of this date, other than the named parties, there is no such interest to report.

**20.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

The parties do not at this time raise other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: March 24, 2015

                 Carlson Legal Services

               By: */s/ Matthew D. Carlson*
                  Matthew D. Carlson
                  Attorney for Plaintiffs

Dated:  March 24, 2015        KEKER & VAN NEST LLP

             By:  */s/ R. James Slaughter*
                 RACHAEL E. MENY
                 R. JAMES SLAUGHTER
                 REBEKAH L. PUNAK
                 ALEXANDER DRYER

                 THOMAS M. MCINERNEY
                 CHRISTOPHER M. AHEARN,
                 ALEX SANTANA
                 OGLETREE, DEAKINS, NASH, SMOAK
                 & STEWART, P.C.

                 Attorneys for Defendant LYFT, INC.

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from Matthew D. Carlson.

DATED: March 24, 2015         By: */s/ R. James Slaughter*
                       R. JAMES SLAUGHTER