KEKER & VAN NEST LLP
RACHAEL E. MENY - # 178514
rmeny@kvn.com
R. JAMES SLAUGHTER - # 192813
rslaughter@kvn.com
ALEXANDER DRYER - # 291625
adryer@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
THOMAS M. MCINERNEY - # 162055
tmm@ogletreedeakins.com
CHRISTOPHER M. AHEARN - # 239089
chris.ahearn@ogletreedeakins.com
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415 442 4810
Facsimile:    415 442 4870

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER, ALEJANDRA MACIEL, and JEFFREY KNUDTSON on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC.<br><br>Defendant. | Case No. 3:13-cv-04065-VC<br><br>**ANSWER BY DEFENDANT LYFT, INC. TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**<br><br>Judge:         Hon. Vince Chhabria<br>Trial Date:    None Set<br><br>Complaint Filed:  September 3, 2013 |

Defendant Lyft, Inc. ("Lyft") submits this Answer to the Fourth Amended Complaint filed by Plaintiffs Patrick Cotter, Alejandra Maciel, and Jeffrey Knudtson (collectively "Plaintiffs") in this action on July 15, 2015 (Docket No. 144) (the "Complaint").

## ANSWER

Lyft denies each and every allegation in the Complaint except those expressly and specifically admitted below. Lyft reserves the right to amend this Answer if needed. The paragraph numbers below refer to paragraph numbers in the Complaint, such that the text following each respective paragraph number below constitutes Lyft's response to each such paragraph.

1. Lyft denies the allegation that it is a car service. Lyft admits the remaining allegations in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Lyft admits that Plaintiffs make such allegations, but denies that any of such allegations are true or have merit.

3. Lyft admits that the Court has jurisdiction over this matter but only because the Court had original jurisdiction over the matter when it was initially filed. Lyft denies the remaining allegations in paragraph 3 of the Complaint.

4. Lyft admits that venue is proper in this Court, and that it has and continues to do business in the City and County of San Francisco, California, and that it maintains its headquarters in San Francisco, California. Lyft denies the remaining allegations in paragraph 4 of the Complaint.

5. Lyft lacks sufficient knowledge to admit or deny Cotter's allegations regarding his domicile or citizenship in California, and on that basis it denies such allegations. Lyft admits that Cotter began driving on the Lyft Platform in or about September 2012. Lyft denies all remaining allegations in paragraph 5 of the Complaint.

6. Lyft lacks sufficient knowledge to admit or deny Maciel's allegations regarding her domicile or citizenship in Tlayacapan, Mexico, and on that basis it denies such allegations. Lyft admits that Maciel began driving on the Lyft Platform on or about August 9, 2013. Lyft denies all remaining allegations in paragraph 6 of the Complaint.

7. Lyft lacks sufficient knowledge to admit or deny Knudtson's allegations regarding his domicile or citizenship in Santa Barbara, California, and on that basis it denies such allegations. Lyft denies all remaining allegations in paragraph 7 of the Complaint.

8. Lyft admits the allegations in paragraph 8 of the Complaint.

9. Lyft denies that it is a car service. Lyft admits the remaining allegations of paragraph.

10. Lyft admits the allegations in the first sentence of paragraph 10 of the Complaint. In response to the remaining allegations in paragraph 10 of the Complaint, Lyft admits that Riders and Drivers are matched with each other using Lyft's software, and that geographic vicinity is a factor in such matching, but Lyft denies the remaining allegations as described in paragraph 10 of the Complaint.

11. Lyft denies the allegations in paragraph 11 of the Complaint.

12. Lyft admits the allegations in paragraph 12 of the Complaint.

13. Lyft admits the allegations in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Lyft admits its TOS states this, among other things.

15. Lyft admits that members of its staff who were involved in the drafting of the TOS were located in California. Lyft denies the remaining allegations in paragraph 15 of the Complaint.

16. Lyft denies the allegations in paragraph 16 of the Complaint.

17. Lyft denies the allegations in paragraph 17 of the Complaint, and particularly that any of the subparagraphs reflect or evidence that Lyft drivers are misclassified as independent contractors.

18. Lyft denies the allegations in paragraph 18 of the Complaint.

19. Lyft denies the allegations in paragraph 19 of the Complaint.

20. Lyft denies the allegations in paragraph 20 of the Complaint.

21. Lyft admits that it has not provided Drivers, including Plaintiffs, with wage statements pursuant to Cal. Lab. Code § 226. However, Lyft denies that it was required to do so. Lyft otherwise denies the remaining allegations in paragraph 21 of the Complaint.

22. Lyft admits that it has not directly reimbursed Drivers, including Plaintiffs, for mileage costs. However, Lyft denies that it was required to do so. Lyft otherwise denies the remaining allegations in paragraph 22 of the Complaint.

23. Lyft admits that Plaintiffs purport to bring a claim of conversion under section 17200 of the Business & Professions Code. Lyft admits that Plaintiffs purport to bring such a claim as a class action. Lyft denies that these claims have merit or that a class action should be certified, and on these grounds it denies the remaining allegations in paragraph 23 of the Complaint.

24. Lyft admits that this is how Plaintiffs define the putative class. Lyft denies that a class should be certified, and on this basis denies the remaining allegations in paragraph 24 of the Complaint.

25. Lyft admits this is how Plaintiffs refer to the class.

26. Lyft denies the allegations in paragraph 26 of the Complaint.

27. Lyft lacks information and belief as to what Plaintiffs may or may not know, and on that basis denies the allegations in paragraph 27 of the Complaint, although Lyft admits that the number of individuals who have used the Lyft Platform as a driver in California is in the thousands.

28. Lyft denies the allegations in paragraph 28 of the Complaint.

29. Lyft denies the allegations in paragraph 29 of the Complaint.

30. Lyft denies the allegations in paragraph 30 of the Complaint

31. Lyft denies the allegations in paragraph 31 of the Complaint

32. Lyft denies the allegations in paragraph 32 of the Complaint

33. Lyft denies the allegations in paragraph 33 of the Complaint

34. Lyft lacks sufficient information or knowledge to admit or deny this allegation, and on that basis denies the allegations contained in paragraph 34 of the Complaint.

35. Lyft denies the allegations in paragraph 35 of the Complaint

36. Lyft denies the allegations in paragraph 36 of the Complaint.

37. Lyft admits that Plaintiffs assert claims for minimum wages under sections 1194, and 1197 of the Labor Code, Wage Order 9, and section 17200 of the Business & Professions

1  Code. Lyft admits that Plaintiffs purport to bring such claims as a class action. Lyft denies that
2  these claims have merit or that a class action should be certified, and on these grounds it denies the
3  remaining allegations in paragraph 37 of the Complaint.

4        38.    Lyft admits this is how Plaintiffs define the putative class.  Lyft denies that such a
5  class should be certified, and on this basis denies the remaining allegations in paragraph 38 of the
6  Complaint.

7        39.    Lyft admits that this is how Plaintiffs refer to the class.

8        40.    Lyft denies the allegations in paragraph 40 of the Complaint.

9        41.    Lyft is unable to admit or deny what Plaintiffs may or may not know and on that
10 basis denies the allegations in paragraph 41 of the Complaint, although Lyft admits that the number
11 of individuals who have used the Lyft Platform as a driver in California is in the thousands.

12       42.    Lyft denies the allegations in paragraph 42 of the Complaint.
13       43.    Lyft denies the allegations in paragraph 43 of the Complaint.
14       44.    Lyft denies the allegations in paragraph 44 of the Complaint.
15       45.    Lyft denies the allegations in paragraph 45 of the Complaint.
16       46.    Lyft denies the allegations in paragraph 46 of the Complaint.
17       47.    Lyft denies the allegations in paragraph 47 of the Complaint.

18       48.    Lyft lacks sufficient information or knowledge as to the allegations in paragraph 48
19 of the Complaint. On this basis, Lyft denies the allegations in paragraph 48 of the Complaint.

20       49.    Lyft denies the allegations in paragraph 49 of the Complaint
21       50.    Lyft denies the allegations in paragraph 50 of the Complaint

22       51.    Lyft admits that Plaintiffs assert a claim under Cal. Lab. Code § 226.  Lyft denies
23 that a class action should be certified, and otherwise denies the remaining allegations in paragraph
24 51 of the Complaint.

25       52.    Lyft admits this is how Plaintiffs define the putative class.  Lyft denies that a class
26 should be certified, and on this basis denies the remaining allegations in paragraph 52.

27       53.    Lyft admits this is how Plaintiffs refer to the class.
28       54.    Lyft denies the allegations in paragraph 54 of the Complaint.

55. Lyft lacks information and belief as to what Plaintiffs may or may not know, and on that basis denies the allegations in paragraph 55 of the Complaint, although Lyft admits that the number of individuals who have used the Lyft Platform as a driver in California is in the thousands.

56. Lyft denies the allegations in paragraph 56 of the Complaint.

57. Lyft denies the allegations in paragraph 57 of the Complaint.

58. Lyft denies the allegations in paragraph 58 of the Complaint.

59. Lyft denies the allegations in paragraph 59 of the Complaint.

60. Lyft admits that Plaintiffs and other Drivers were never provided a wage statement pursuant to Cal. Lab. Code § 226 by Lyft, except for such wage statements as may have been provided to Drivers who were employed by Lyft in other capacities, and where such employment was subject to Cal. Lab. Code § 226, but denied that Lyft was obligated to provide wage statements to Drivers.  Lyft denies the remaining allegations in paragraph 60 of the Complaint.

61. Lyft denies the allegations in paragraph 61 of the Complaint.

62. Lyft lacks sufficient information or knowledge as to the allegations in paragraph 62 of the Complaint. On this basis, Lyft denies the allegations in paragraph 62 of the Complaint.

63. Lyft denies the allegations in paragraph 63 of the Complaint.

64. Lyft denies the allegations in paragraph 64 of the Complaint.

65. Lyft admits that Plaintiffs assert claims for reimbursement of expenses under section 2802 of the Labor Code and 17200 of the Business & Professions Code.  Lyft admits that Plaintiffs purport to bring such claims as a class action.  Lyft denies these allegations have merit or that a class action should be certified, and on these grounds it denies the remaining allegations in paragraph 65 of the Complaint.

66. Lyft admits this is how Plaintiffs define the putative class.  Lyft denies that such a class should be certified, and on this basis denies the remaining allegations in paragraph 66 of the Complaint.

67. Lyft admits that this is how Plaintiffs refer to the class.

68. Lyft denies the allegations in paragraph 68 of the Complaint.

69. Lyft lacks information and belief as to what Plaintiffs may or may not know, and on

1  that basis denies the allegations in paragraph 69 of the Complaint, although Lyft admits that the
2  number of individuals who have used the Lyft Platform as a driver in California is in the thousands.
3        70.     Lyft denies the allegations in paragraph 70 of the Complaint.
4        71.     Lyft denies the allegations in paragraph 71 of the Complaint.
5        72.     Lyft denies the allegations in paragraph 72 of the Complaint.
6        73.     Lyft denies the allegations in paragraph 73 of the Complaint.
7        74.     Lyft denies the allegations in paragraph 74 of the Complaint.
8        75.     Lyft denies the allegations in paragraph 75 of the Complaint.
9        76.     Lyft lacks sufficient information and knowledge to admit or deny these allegations,
10 and on this basis it denies the allegations in paragraph 76 of the Complaint.
11       77.     Lyft denies the allegations in paragraph 77 of the Complaint.
12       78.     Lyft admits the allegations in paragraph 78 of the Complaint.
13       79.     Lyft denies the allegations in paragraph 79 of the Complaint.
14       80.     In response to paragraph 80 of the Complaint, Lyft incorporates herein the
15 preceding paragraphs in this Answer as though fully set forth.
16       81.     Lyft denies the allegations in paragraph 81 of the Complaint.
17       82.     Lyft admits that this is what Cal. Lab. Code § 351 provides, among other things.
18       83.     Lyft denies the allegations in paragraph 83 of the Complaint.
19       84.     Lyft denies the allegations in paragraph 84 of the Complaint.
20       85.     Lyft denies the allegations in paragraph 85 of the Complaint.
21       86.     In response to paragraph 86 of the Complaint, Lyft incorporates herein the
22 preceding paragraphs in this Answer as though fully set forth.
23       87.     Lyft denies the allegations in paragraph 87 of the Complaint.
24       88.     Lyft denies the allegations in paragraph 88 of the Complaint.
25       89.     Lyft denies the allegations in paragraph 89 of the Complaint.
26       90.     Lyft denies the allegations in paragraph 90 of the Complaint.
27       91.     In response to paragraph 91 of the Complaint, Lyft incorporates herein the
28 preceding paragraphs in this Answer as though fully set forth.

92. Lyft denies the allegations in paragraph 92 of the Complaint.

93. Lyft admits that this is what Cal. Lab. Code § 1194 provides, among other things.

94. Lyft admits that this is what Cal. Lab. Code § 1197 and Wage Order 9 provide, among other things.

95. Lyft denies the allegations in paragraph 95 of the Complaint, except it admits that payments to Drivers related to driving services performed by such Drivers were not characterized as "wages."

96. Lyft denies the allegations in paragraph 96 of the Complaint.

97. In response to paragraph 97 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

98. Lyft denies the allegations in paragraph 98 of the Complaint.

99. Lyft admits that this is what Cal. Lab. Code § 1194 provides, among other things.

100. Lyft admits that this is what Cal. Lab. Code § 1197 and Wage Order 9 provide, among other things.

101. Lyft denies the allegations in paragraph 101 of the Complaint, except it admits that payments to Drivers related to driving services performed by such Drivers were not characterized as "wages."

102. Lyft denies the allegations in paragraph 102 of the Complaint.

103. Lyft denies the allegations in paragraph 103 of the Complaint.

104. In response to paragraph 104 of the Complaint, Lyft incorporates herein by reference the preceding paragraphs in this Answer as through fully set forth.

105. Lyft denies the allegations in paragraph 105 of the Complaint.

106. Lyft admits that this is what Cal. Lab. Code § 226 provides, among other things.

107. Lyft denies the allegations in paragraph 107 of the Complaint.

108. Lyft denies the allegations in paragraph 108 of the Complaint.

109. Lyft denies the allegations in paragraph 109 of the Complaint.

110. Lyft denies the allegations in paragraph 110 of the Complaint.

111. In response to paragraph 111 of the Complaint, Lyft incorporates herein the

preceding paragraphs in this Answer as though fully set forth.

112. Lyft denies the allegations in paragraph 112 of the Complaint.

113. Lyft admits that this is what Cal. Lab. Code § 2802 provides, among other things.

114. Lyft denies the allegations in paragraph 114 of the Complaint.

115. Lyft denies the allegations in paragraph 115 of the Complaint.

116. Lyft denies the allegations in paragraph 116 of the Complaint.

117. In response to paragraph 117 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

118. Lyft denies the allegations in paragraph 118 of the Complaint.

119. Lyft admits that this is what Cal. Lab. Code § 2802 provides, among other things.

120. Lyft denies the allegations in paragraph 120 of the Complaint.

121. Lyft denies the allegations in paragraph 121 of the Complaint.

122. Lyft lacks sufficient information or knowledge as to what costs Plaintiffs and Drivers may have incurred. On this basis it denies the allegations in paragraph 122 of the Complaint.

123. Lyft denies the allegations in paragraph 123 of the Complaint.

124. Lyft denies the allegations in paragraph 124 of the Complaint.

125. In response to paragraph 125 of the Complaint, Lyft incorporates herein the preceding paragraphs in this Answer as though fully set forth.

126. Lyft admits that this is what Cal. Lab. Code § 2699 provides, among other things.

127. Lyft denies the allegations in paragraph 127 of the Complaint.

128. Lyft lacks sufficient information or knowledge to admit or deny the allegations in paragraph 128, and on that basis denies the allegations in paragraph 128 of the Complaint.

129. Lyft lacks sufficient information or knowledge to admit or deny the allegations in paragraph 129, and on that basis denies the allegations in paragraph 129 of the Complaint.

130. Lyft denies the allegations in paragraph 130 of the Complaint.

131. To the extent that paragraph 131, Plaintiffs' prayer for relief, contains factual allegation, Lyft denies them, and specifically denies that Plaintiffs should take anything from their

complaint.

## AFFIRMATIVE DEFENSES

Lyft pleads the following affirmative defenses to the Complaint. Lyft reserves the right to amend and add to these defenses. All references to the term "Plaintiffs" below refers to Plaintiff and each member of the putative class he seeks to represent.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted against Lyft.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Contractual Dispute Resolution Procedures)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiffs failed to exhaust contractual dispute resolution procedures including, but not limited to, arbitration or mediation.

### THIRD AFFIRMATIVE DEFENSE
### (Releases)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs and/or their agents have released any of their purported causes of action against Lyft.

### FOURTH AFFIRMATIVE DEFENSE
### (Payments)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs and/or their agents have received payment of any of the amounts claimed therein.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by one or more statutes of limitations including, but not limited to, California Code of Civil Procedure §§ 338, 339 and 340, California Business and Professions Code § 17208, and/or California Labor Code § 203.

### SEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiffs are estopped by their own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which they seek relief.

### EIGHTH AFFIRMATIVE DEFENSE
(*Res Judicata* and Collateral Estoppel)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE
(Judicial Estoppel)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by judicial estoppel.

### TENTH AFFIRMATIVE DEFENSE
(Waiver)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiffs have or have had unclean hands with respect to the matters alleged in the Complaint and are therefore barred, in whole or in part, from recovering any relief on the Complaint or any purported cause of action alleged therein.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Exempt Status)**

Plaintiffs' claims are barred, in whole or in part, because they were at all times exempt from the provisions of the California Labor Code governing wages, overtime pay, meal and rest break periods, and hours of employment, from the wage orders of California's Industrial Welfare Commission, and/or from any applicable federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Willful Failure to Pay)**

Plaintiffs are not entitled to any penalty award under any provision California or federal law because at all relevant times Lyft did not willfully, knowingly, or intentionally fail to comply with any provision of law, but rather acted in good faith and had reasonable grounds for believe that it did not violate such provisions.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Fair Labor Standards Act Preemption)**

The Complaint and each purported cause of action alleged therein are preempted by the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Justification and Privilege)**

Lyft cannot be liable for any alleged violation of Business and Professions Code § 17200 *et seq*. because its actions, conduct and/or dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs consented to any and/or all of the conduct about which Plaintiffs now complain.

///

///

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs are barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Setoff, Offset, and/or Recoupment)

Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Balancing of Hardships)

Plaintiffs are not entitled to injunctive or declaratory relief because the benefit of such relief, if any, is slight compared to the harm Lyft will suffer if injunctive or declaratory relief is permitted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Irreparable Injury)

Plaintiffs are not entitled to injunctive or declaratory relief because they will not suffer any irreparable injury if injunctive or declaratory relief is declined.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Representative Claims Violate Lyft's Rights)

Lyft alleges that, to the extent the Court declines to certify a class, then maintenance of those claims as "representative" actions under the Business and Professions Code or the Private Attorneys General Act (Cal. Lab. Code §§ 2698 *et seq*.) ("PAGA") (assuming, arguendo, some or all of these claims could be so maintained, which Lyft specifically denies) would violate the Due Process Clause of the United States and California Constitutions by authorizing actions to be brought on behalf of a class without requiring class certification of persons allegedly injured by the challenged act or practice. Moreover, any finding of liability pursuant to the Business and Professions Code would violate the Due Process Clause of the United States and California

Constitutions because, among other things, the standards of liability under the Business and Professions Code and PAGA are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest. Finally, any award of restitution under the Business and Professions Code would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Primary Jurisdiction Doctrine)**

The Complaint and each purported cause of action alleged therein should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Constitutional Defense to Penal Damages or Penalties)**

Plaintiffs are not entitled to recover any penal damages or penalties under California federal law, and any award of penalties would in general or under the facts of the Plaintiffs' Complaint violate Lyft's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedies)**

Plaintiffs' claims are barred to the extent they failed to exhaust administrative remedies, including but not limited to those provided by Cal. Lab. Code § 2699.3.

///

///

///

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(No Injury by Wage Statements)

Plaintiffs' claims pursuant to Cal. Lab. Code § 226(e), including any such claims under the Business and Professions Code or the PAGA are barred to the extent Plaintiffs were not injured.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(Unjust Enrichment)

Plaintiffs would be unjustly enriched if they were awarded the relief they seek, and such relief is therefore barred.

**PRAYER FOR RELIEF**

WHEREFORE, Lyft prays for judgment as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That the Court enter judgment for Lyft and against the Plaintiffs on all of their alleged claims;

4. That the Court award Lyft its attorneys' fees and costs of suit, including pursuant to Cal. Lab. Code § 218.5; and

5. The Court grant Lyft such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  August 3, 2015

KEKER & VAN NEST LLP

By: */s/ R. James Slaughter*
RACHAEL E. MENY
R. JAMES SLAUGHTER
ALEXANDER DRYER

THOMAS M. MCINERNEY
CHRISTOPHER M. AHEARN
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

Attorneys for Defendant
LYFT, INC.