UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LYFT, INC., et al.,<br><br>        Defendants. | Case No.  13-cv-04065-VC<br><br>**ORDER REQUESTING FURTHER BRIEFING AND CONTINUING HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 169 |

      The hearing on the plaintiffs' motion for preliminary approval of their proposed class action settlement agreement with Lyft is continued to March 10, 2016.  The parties are ordered to file supplemental briefs addressing the following questions:

- If counsel for the plaintiffs are awarded the $3.675 million they are requesting in fees and costs, how much money will each proposed class member be eligible to recover, on average?  Please provide a figure for the proposed class members overall, and then break it down into the two groups of class members created by the settlement agreement – those who drove more than 30 hours per week and those who drove less.

- How many of the proposed class members are in the group of people who drove more than 30 hours per week, and how many are in the group of people who drove less?

- On average, how many total hours did the proposed class members in each group drive during the class period?

- If this case went to trial as a class action and the plaintiffs prevailed fully on their claim for reimbursement of expenses, how much would each class member be eligible to recover for that claim, on average, assuming use of the Internal Revenue Service's standard mileage reimbursement rate? *See O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2015 WL 8292006, at *18 (N.D. Cal. Dec. 9, 2015). Please provide a figure for the proposed class members overall, and then break it down into the two groups.

- In identifying the risks the plaintiffs would face in continuing to litigate the case, the motion for preliminary approval places significant weight on Lyft's arbitration provision. But at different points in this case, counsel for Lyft has stated on the record that Lyft was waiving its right to assert its arbitration provision. How do these statements affect the likelihood that Lyft could assert its arbitration provision to defeat class certification? *Cf. In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 1753784, at *3-4 (N.D. Cal. May 9, 2011).

- One form of prospective relief identified by the motion for preliminary approval is the agreement to remove the "at-will termination" provision of the Driver Agreement and replace it with a provision permitting Lyft to deactivate drivers only for specific reasons, such as poor ratings from customers, safety concerns, or too many ride cancelations. What is the practical impact of this change? What is the evidence that Lyft previously terminated people for reasons other than those for which Lyft will be permitted to terminate them under the new language?

- This lawsuit seeks to have Lyft drivers declared "employees" rather than "independent contractors" under California law. It appears the proposed settlement would move the drivers closer to independent contractor status. If that is correct, is this aspect of the settlement agreement contrary to the original goal of the lawsuit? Is there case law discussing whether a court may approve a settlement agreement that might be deemed contrary to the original goal of the

lawsuit?

- Are there other companies in the so-called "sharing economy" that classify their workers as employees? If so, are there any factors specific to Lyft's business model that preclude it from classifying drivers as employees, or from providing drivers with some of the protections employees receive under California law?
- If the settlement agreement is preliminarily approved, why should drivers have to submit claim forms?

The plaintiffs' supplemental brief, not to exceed 20 pages, is due February 25, 2016. Lyft's supplemental brief, not to exceed 20 pages, is due March 3, 2016.

**IT IS SO ORDERED.**

Dated: February 11, 2016

_____

VINCE CHHABRIA
United States District Judge

3