UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LYFT, INC., et al.,<br><br>        Defendants. | Case No. 13-cv-04065-VC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO SEAL**<br><br>Re: Dkt. Nos. 178, 179 |

      The motion to seal is denied to the extent Lyft seeks to seal portions of the plaintiffs' supplemental brief in support of their motion for preliminary approval of class action settlement and Exhibit 3 to the Liss-Riordan declaration in support of the motion to seal. The motion to seal is granted as to Exhibit 4 to the Liss-Riordan declaration in support of the motion to seal.

      Lyft asserts that information about the average number of hours driven and the distribution of hours driven by Lyft drivers must be concealed from the public because Lyft's competitors could theoretically use information about the characteristics of full-time Lyft drivers to target and recruit those drivers for their competing services. But the information sought to be sealed in the supplemental brief and Exhibit 3 does not describe any unusual characteristics or other revealing information that would allow competitors to identify and target those drivers, and Lyft does not explain how the average number of hours driven and the distribution of hours driven could be used in the nefarious manner Lyft suggests. Lyft also asserts that information about the number of miles driven by Lyft drivers would allow competitors to determine the growth rate of Lyft's business and the approximate size of Lyft's business, and that competitors could use that information to determine how successful Lyft's recruitment and marketing efforts have been as compared to competitors' efforts. But as with the assertion about averages and

distribution of hours driven, Lyft makes this assertion at a high level of abstraction, without explaining, in concrete terms or with examples, how Lyft's competitors might take advantage of the actual information sought to be sealed in the manner Lyft suggests.  Finally, Lyft suggests that a general description of some of its safety protocols could hamper its ability to ensure the safety of its passengers and drivers by discouraging passengers and drivers from reporting safety concerns.  But again, Lyft does not explain how revealing the limited information contained in the supplemental brief would lead passengers or drivers to refrain from reporting safety concerns.

Because the supplemental brief in support of the motion for preliminary approval and Exhibit 3 to the Liss-Riordan declaration in support of the motion to seal are "more than tangentially related to the merits of [the] case," Lyft has not satisfied the standard for filing these documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  As to Exhibit 4 to the Liss-Riordan declaration in support of the motion to seal, the Court finds there are compelling reasons to seal this document because revealing the precise details of Lyft's internal safety response protocols might harm Lyft's competitive standing.  *See id.* at 1096-97.  Accordingly, the Clerk of the Court is directed to unseal the plaintiffs' supplemental brief and Exhibit 3 to the Liss-Riordan declaration in support of the motion to seal on Friday, March 18, 2016.

**IT IS SO ORDERED.**

Dated: March 16, 2016

_____
VINCE CHHABRIA
United States District Judge