KEKER & VAN NEST LLP
RACHAEL E. MENY - # 178514
rmeny@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
ALEXANDER DRYER - # 291625
adryer@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER and ALEJANDRA MACIEL, JEFFREY KNUDTSON on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>LYFT, INC.,<br><br>                Defendant. | Case No. 3:13-cv-04065-VC<br><br>**RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:       Hon. Vince Chhabria<br><br>Date Filed:  September 3, 2013<br>Trial Date:  None Set |
| ALEX ZAMORA and RAYSHON CLARK on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>LYFT, INC.,<br><br>                Defendant. | Case No. 4:16-cv-02558-KAW |

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED
Case Nos. 3:13-cv-04065-VC and 4:16-cv-02558-KAW

1060548

Defendant Lyft, Inc. ("Lyft") hereby submits this response to the Administrative Motion to Consider Whether Cases Should Be Related filed by Plaintiffs Alex Zamora and Rayshon Clark ("Plaintiffs").[1]  Lyft supports Plaintiffs' request under Civil Local Rules 3-12 and 7-11 to relate the following cases:

1. *Cotter v. Lyft, Inc.*, No. 3:13-cv-04065-VC (N.D. Cal.), filed on September 3, 2013; and

2. *Zamora v. Lyft, Inc.*, No. 4:16-cv-02558-KAW (N.D. Cal.), filed on May 11, 2016.

**Argument**

*Cotter* and *Zamora* are related, but Lyft disagrees with Plaintiffs' characterization of the relationship in several respects.  The cases are related because:

1. Both cases involve substantially the same parties.  Both *Cotter* and *Zamora* are proposed class actions brought against Lyft, purportedly on behalf of drivers who have used the Lyft platform in California.  While the proposed class in *Zamora* as currently pled also includes drivers who have not used the Lyft platform in California, Lyft reserves all rights to assert that those drivers' claims are not properly before the Court.

2. Both cases involve substantially the same transactions, events, and legal claims, although not for the reasons offered by Plaintiffs.  Both *Cotter* and *Zamora* allege that California drivers using the Lyft platform are employees, not independent contractors, and that Lyft improperly retained gratuities belonging to drivers.[2]  *Compare Cotter* Compl. (D.E. 144), ¶ 2 ("Because Drivers are in fact Lyft employees, this action also challenges Lyft's policy of taking 20% of gratuity payments given by Riders to Lyft's Drivers"), *with Zamora* Compl. (D.E. 1), ¶ 7(a) ("[Lyft's] practice constitutes an unlawful taking of an employee's gratuities.  Because Lyft should have classified the Drivers as employees, not independent contractors, the Drivers are

---

[1] In filing this responsive Administrative Motion, Lyft in no way agrees that Plaintiffs are entitled to pursue their claims in this Court as opposed to through individual arbitration.  Lyft reserves all rights, including its right to file one or more motions to compel arbitration, strike class allegations, and/or dismiss Plaintiffs' complaint.

[2] The *Zamora* complaint alleges that California drivers are employees, but does not make the same allegations for non-California drivers.  *See e.g.,* Compl. ¶ 42(a) to ¶ 51.  Lyft denies that drivers using its platform have been improperly classified as independent contractors and denies that it has ever improperly retained gratuities owed to a driver.

entitled to keep gratuities paid to them by customers (the Riders)."). Both complaints assert these employee-based gratuity claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, based on an alleged violation of Cal. Labor Code § 351, as well as under a common-law conversion theory. Contrary to Plaintiffs' assertion, the Court in *Cotter* has never addressed, let alone construed, the arbitration agreement (and associated class-action waiver) in Lyft's Terms of Service.

3. Given the substantial motion practice in *Cotter*, the Court in that case is deeply familiar with the transactions, events, and legal claims at issue. If *Zamora* were to proceed before a different Court, an unduly burdensome duplication of labor and expense would be likely.

For the foregoing reasons, *Cotter* and *Zamora* are related under the two criteria set forth in Local Rule 3-12(a). Accordingly, Lyft respectfully joins Plaintiffs' request that the Court exercise its authority under Local Rule 3-12(f) to assign *Zamora* to the Court before which *Cotter* is pending.

Respectfully submitted,

Dated:  May 17, 2016

KEKER & VAN NEST LLP

By:  */s/ Rachael E. Meny*
RACHAEL E. MENY
SIMONA A. AGNOLUCCI
ALEXANDER DRYER

Attorneys for Defendant LYFT, INC.

2
RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. 3:13-cv-04065-VC and 4:16-cv-02558-KAW

1060548