Shannon Liss-Riordan (*Pro Hac Vice*)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800

Matthew D. Carlson (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, California 94102
Telephone: (617) 994-5800

Attorneys for Plaintiffs COTTER, MACIEL, and KNUDTSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER, ALEJANDRA MACIEL, and JEFFREY KNUDTSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | Case No.: 3:13-cv-04065-VC<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Plaintiffs have filed a Motion for Preliminary Approval of the class action settlement reached with Defendant Lyft, Inc., a hearing on which was held on June 2, 2016. The Court has carefully considered the Settlement Agreement together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case. For the reasons described below and in the Court's June 23, 2016 Order (Dkt. No. 246), the Court hereby gives its preliminary approval of the Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of notice of the Settlement to the Settlement Class and to hold a Fairness Hearing; orders the Class Notice be sent to the Settlement Class in accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.
2. The Court preliminarily approves the Settlement, together with all of its Exhibits, finding that the terms of the Agreement are fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Settlement Class.
3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies, for settlement purposes only, the following Settlement Class: "All Lyft Drivers who gave at least one Ride in California during the period from May 25, 2012 through the date of this Order."
4. The Court finds, for settlement purposes only, that the Action may be maintained as a class action on behalf of the Settlement Class because:
    a. Numerosity: Class Counsel estimate that more than 100,000 individuals have potential claims and are members of the Settlement Class. This satisfies the Rule 23(a)(1) numerosity requirement.
    b. Commonality: The threshold for commonality under Rule 23(a)(2) is not high and single common issue will suffice. Plaintiffs allege, among other things, that Lyft's terms of

|   |   |
|---|---|
| | service establish that Drivers are employees. This issue is common to the Settlement Class. |
| c. | Typicality. Named Plaintiffs' claims are typical of the claims of the Settlement Class Members and satisfy Rule 23(a)(3). |
| d. | Adequacy: There are no conflicts of interest between Named Plaintiffs and Settlement Class members and Named Plaintiffs have retained competent counsel to represent the Settlement Class. Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied. |
| e. | Predominance and Superiority: There is predominance and superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common legal and factual issue listed in the preliminary approval papers predominate all over other issues. Resolution of the common question constitutes a significant part of Plaintiffs' and Settlement Class Members' claims. |

5. Pursuant to the stipulation submitted by the parties concurrently with the submission of the motion for preliminary approval, the Court granted leave to file the Fifth Amended Complaint in the form attached to the Settlement Agreement. Dkt. No. 252.

6. The Court appoints as class representatives, for settlement purposes only, Named Plaintiffs Patrick Cotter, Alejandra Maciel, and Jeffrey Knudtson. The Court finds, for settlement purposes only, that the Named Plaintiffs will adequately represent the Settlement Class.

7. Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel the law firm of Lichten & Liss-Riordan, P.C. The Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class counsel's knowledge of the applicable law; and the resources

Class Counsel have and will commit to representing the class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

8. The Court appoints Garden City Group as the Settlement Administrator, which shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

9. The Court finds that the proposed Class Notice, as amended and submitted to the Court June 30, 2016, and the proposed plan of distribution of the Class Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and hereby directs the Claims Administrator to proceed with the notice distribution in accordance with the terms of the Agreement.

10. Any Settlement Class Members who wishes to opt out from the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

11. Any Settlement Class Members who wishes to object to the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

12. The Court has reviewed and approves the claims process.  To be considered timely, a Claim Form must be submitted by a Settlement Class Member so that it is postmarked and mailed to the Settlement Administrator, or submitted online via the settlement website, by no later than the Fairness Hearing, that is, by December 1, 2016.  Any Claim Form postmarked or submitted after this date may be rejected as untimely and invalid.  However, the parties have agreed to consider late-filed claims and will cooperate to ensure the greatest possible participation by class members.

13. The Court finds that the Notice plan, including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the lawsuit and the Settlement and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

14. The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

15. The Court preliminarily enjoins all Settlement Class Members and their Legally Authorized Representatives, unless and until they submit a timely request for exclusion pursuant to the Settlement Agreement, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

16. The Court directs that a hearing be scheduled on December 1, 2016 at 10:00 a.m. (the "Fairness Hearing") to assist the Court in determining whether the Settlement is fair, reasonable, and adequate; whether Final Judgment should be entered dismissing with prejudice Lyft in the above-captioned action; whether Class Counsels application for fees and expenses should be approved; and whether Class Counsel's request for enhancement payments to the Named Plaintiffs should be approved. Plaintiffs shall file a Motion for Final Approval of Class Action Settlement and a Motion for Attorneys' Fees, Costs, and Class Representative Service Awards no later than 14 days before the hearing.

17. Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed as or deemed to be evidence of an admission or concession by Lyft of an interpretation of, any liability or wrongdoing by Lyft, or of the truth of any allegations asserted by Plaintiffs, Settlement Class Members or any other person.

18. If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then (a) all parties will proceed as if the Settlement (except those provisions that, by their terms, expressly survive disapproval or termination of the Settlement) had not been executed and the related orders and judgment had not been entered, preserving in that event all of their respective claims and defenses in the action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

19. The Court directs that the following deadlines are established by this Preliminary Approval Order:

   a. Mailed Notice Date: within 60 days of this Preliminary Approval Order.

   b. Opt-Out Deadline: 60 days after the Mailed Notice Date.

   c. Objection Deadline: 60 days after the Mailed Notice Date.

   d. Claims Submission Date: December 1, 2016 (though, as described above, later claims may be accepted).

   e. Fairness Hearing: December 1, 2016 at 10:00 a.m.

**IT IS SO ORDERED.**

Date: July 1, 2016

Hon. Vince Chhabria
United States District Judge

5