<div style="text-align:center">

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

</div>

PATRICK COTTER, ALEJANDRA
MACIEL, and JEFFREY KNUDTSON,
on behalf of themselves and all others
similarly situated,



    Plaintiffs,

    v.

LYFT, INC.,

    Defendant.

Case No. 3:13-cv-04065-VC

## OBJECTION OF KERRY ANN SWEENEY TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

NOW COMES, Pro Se Objector, Kerry Ann Sweeney, and hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Kerry Ann Sweeney ("Objector") believes she is a member of the class as defined in that certain Notice of Class Action Settlement which is undated. She has filed a timely claim on August 31, 2016, via the internet, pursuant to the directions in the Notice of Class Action Settlement. Her Claim No. is: 5A644EB17C. Her address and telephone number are listed at the conclusion of this objection.

<div style="text-align:center">1</div>

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does not intend to appear at the Fairness Hearing presently scheduled for December 1, 2016 at 10:00 a.m. PST, at the United States District Court for the Northern District of California, Courtroom 4, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715, (the "Act") Rule 23 F.R.C.P. (the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of

2

awarded attorneys fees would elevate the concerns raised herein regarding Paragraphs No. 2 above.

3. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

4. The fee calculation is unfair in that the value of the settlement to Class Members falls short of the purpose of the Class Action, i.e. reclassification from independent contractor status to employee status.

5. The amount of attorney fees are too high. After a review of the Docket there appears to be only 260 docket entries. In addition, very few of the Docket Entries were substantive in nature. There was no Motion for Summary Judgment. There was no prolonged discovery dispute. There was no trial. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees in the amount of $3,675,000.00.

6. No fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable cost incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

7. Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the class. Whatever method is used to arrive at determining an appropriate *cy pres* procedure and recipient can be a legitimate discussion between informed parties and therefore appropriate. Allowing the process to be undetermined leaves out a significant factor on which to determine if the Settlement is fair and adequate.

8. The Notice is inadequate in that it does not contain a draft of the Settlement Agreement.

9. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE,** This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;


2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

Claimant ID: 5A644EB17C
Verification #: 0071952624

Kerry Ann Sweeney, Pro Se
1223 20th Street
Suite 101
Santa Monica, CA 90404
424-299-0832
kerryann62089@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Northern District of California 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102 by sending this document via U.S. First Class Mail so that this document would be delivered within the timeframe described in the Legal Notice published in this case. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via U.S. First Class Mail to the Settlement Administrator at the address listed in the Legal Notice.

Kerry Ann Sweeney, Pro Se

SWENEY
1223 20TH STREET
Suite 101
Santa Monica, CA 90404

FILED
2016 NOV -1  A 11:04
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

FILED
NOV 01 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-349599

CLERK OF COURT
U.S. DISTRICT COURT
NORTHERN DIST OF CALIFORNIA
450 GOLDEN GATE AVENUE
12TH FLOOR
SAN FRANCISCO, CA. 94102

MILWAUKEE WI 530
27 OCT 2016 PM 6 L

OCT 27 2016
FOREVER