1  TEAGUE P. PATERSON, SBN 226659
   LORRIE BRADLEY, SBN 309411
2  COSTA KERESTENZIS, SBN 186125
   BEESON, TAYER & BODINE, APC
3  483 Ninth Street, 2nd Floor
   Oakland, CA  94607
4  Telephone:   (510) 625-9700
   Facsimile:   (510) 625-8275
5  Email:       tpaterson@beesontayer.com
                lbradley@beesontayer.com
6               ckerestenzis@beesontayer.com

7  Attorneys for Objectors
   Angelica Rose Ferdinand, Helen Hebert, Leigh-Ann Johnson, Amir Kashanian,
8  Kelsey Tilander, and Teamsters Joint Councils Nos. 7 and 42

UNITED STATES DISTRICT COURT CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK COTTER, ALEJANDRA MACIEL, and JEFFREY KNUDTSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

LYFT, INC.,

Defendant.

Case No. 3:13-CV-04065-VC

**OBJECTORS'RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Hearing Date:    December 1, 2016
Hearing Time:    10:00 a.m.
Courtroom:       4
Judge:           Hon. Vince Chhabria
Complaint Filed: September 3, 2013

Objectors Angelica Rose Ferdinand, Helen Hebert, Leigh-Ann Johnson, Amir Kashanian, Kelsey Tilander, and Teamsters Joint Councils Nos. 7 and 42, submit this objection to Plaintiffs' Motion for attorneys' fees.  Objectors do not oppose Plaintiffs' motion in its entirety but instead confine their objections to the size of the fee award compared with the results obtained for the class.

An award of attorneys' fees must be "reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).  The Court is responsible for making an assessment of the reasonableness of a request for attorneys' fees even if the defendant agrees in advance not to contest the plaintiff's request for fees. *E.g. Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003).

Courts typically evaluate an attorneys' fees award based on the "lodestar" method, which involves calculating the amount of hours reasonably expended on the litigation times a reasonable

hourly rate, *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 944 (9th Cir. 2011), or the percentage of recovery in common fund cases, plus an adjustment or multiplier based on the facts of the case. *Id.* at 942. Although the lodestar amount is presumptively reasonable, multipliers may be added to adjust the lodestar amount up or down depending on several factors, including the quality of representation, the benefit conferred on class, the novelty of the issues involved, and risk of nonpayment to counsel. *Id.* In a common fund case, the Ninth Circuit has held that attorneys' fees of 25% of the recovery is presumptively reasonable. *Id.* However, that presumption does not override the requirement that the Court ensure a fees award is reasonable in light of the work done and results obtained as best exemplified by the lodestar method.

The application of the percent of the recovery method, however, must be grounded in the facts of the case. The calculation of the lodestar amount when attorneys' fees are calculated as a percentage of the recovery serves as a check on the reasonableness of a fee award based on the percentage of the recovery. *Microsoft v. Vizcaino*, 290 F.3d 1043, 1050 (9th Cir. 2002). Because the lodestar method measures the "lawyers' investment of time in the litigation," it may justify lowering a percentage of the recovery award if the "investment" is lower due to an early settlement or other factors. *Id.* Use of the lodestar method can "confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate." *In re General Motors*, 55 F.3d 768, 821 n.40 (3d. Cir. 1998).

In the *Microsoft* case, the Ninth Circuit approved of a fee award with a 3.65 multiplier when checked by the lodestar method. The multiplier was justified by the "exceptional results" counsel achieved for the class, as well as the protracted litigation, including appeals and litigation over the composition of the class involved. *Id.* at 1048.

Here, Plaintiffs' counsel has sought a fee award that equates to a risk multiplier of 4, and results in an hourly rate exceeding $3,000 per hour. Objectors believe that this multiplier is too high, considering the circumstances, including the stage of the proceedings when the settlement was reached, and the relatively modest monetary and non-monetary award that resulted. Importantly, the settlement leaves in place Lyft's misclassification of drivers, the primary problem the lawsuit sought to remedy. Indeed, in defending the settlement agreement, Class Counsel *notes that it does not*

*preclude class members from seeking classification of employees in other venues or subsequent litigation*. (Memo. of Points and Authorities ISO Plaintiffs' Motion for Preliminary Approval of Revised Class Action Settlement, Doc. 206, at 9.) In light of the continuing misclassification, it cannot be said that counsel achieved "exceptional results" justifying the awarding of a higher multiple than in the *Microsoft* case, which involved greater risk and more lengthy, complicated proceedings. As stated in more detail in Objectors' objections, the value and meaningfulness of the nonmonetary aspects of the settlement are highly speculative and, in at least one instance, are disadvantageous to the class.

In other cases, the Ninth Circuit has upheld the denial of *any* multiplier when the results achieved do not "exceed the extraordinary." *In re Washington Public Power Supply Systems Securities Litig*,. 19 F.3d 1291, 1304 (9th Cir. 1994). The Ninth Circuit concluded that it was appropriate to award multipliers in "cases of *exceptional success*," and that in an ordinary case, consideration of the results obtained was already "subsumed" in the lodestar calculation. *Id.* at 1303-04 (quoting *Blum v. Stenson*, 465 U.S. 886, 900-01 (1984) (emphasis added)).

In addition, when a settlement involves a significant non-monetary component, courts are advised to conduct a more searching review of the value of this relief. *See* Fed. R. Civ. P. 23(h), 2003 Advisory Cmte. Notes ("Settlements involving nonmonetary provisions for class members also deserve careful scrutiny to ensure that these provisions have actual value to the class.").

The result in this case was not an exceptional result, nor was it due to lengthy and protracted litigation justifying a fourfold multiplier. Objectors therefore request that this Court review the Plaintiffs' fee petition for reasonableness in light of Ninth Circuit law, the amount of hours actually expended in the case, whether such hours were reasonably expended in light of the tasks to which they were attributed, the results achieved and the results that were not achieved, and whether the hourly rates requested are reasonable, particularly when a multiplier is applied to them.

Dated: November 28, 2016            BEESON, TAYER & BODINE, APC

                                    By:      */s/Lorrie E. Bradley*
                                         TEAGUE P. PATERSON
                                         LORRIE E. BRADLEY
                                         Attorneys for Objectors