Shannon Liss-Riordan (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800

Matthew D. Carlson (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, California 94102
Telephone: (415) 630-2651

Attorneys for Plaintiffs COTTER, MACIEL,
and KNUDTSON, on behalf of themselves
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK COTTER, ALEJANDRA MACIEL, and JEFFREY KNUDTSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | **Case No.: 3:13-cv-04065-VC**<br><br>**Hon. Vince Chhabria**<br><br>**PLAINTIFFS' RESPONSE TO THE TEAMSTERS' OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: December 1, 2016<br>Time: 10:00 a.m.<br>Courtroom: 4 |

Plaintiffs submit this short reply to the Teamsters' objection to Plaintiff's request for attorneys' fees, Dkt. No. 275, which was made on grounds that counsel's lodestar multiplier is "too high" given the fact that the case does not resolve Lyft drivers' status as independent contractors and given the stage of proceedings at which the case resolved. *Id.* at pp. 2-3. Plaintiffs make three brief points in response:

First, Plaintiffs reiterate that the California Supreme Court has endorsed the percentage of the fund method of awarding fees, *Laffitte v. Robert Half Intern. Inc.*, 1 Cal.5th 480, 503 (Cal. 2016), and because the claims asserted in this case arise only under state law, the Court looks to California law in deciding the method of awarding fees. *See Hendricks v. Starkist Co*, 2016 WL 5462423, at *10 (N.D. Cal., 2016) *citing Serrano v. Priest*, 20 Cal. 3d 25, 38 (1977); *see also Aichele v. City of Los Angeles*, 2015 WL 5286028, *5 (C.D. Cal. Sept. 9, 2015) ("Many courts and commentators have recognized that the percentage of the available fund analysis is the preferred approach in class action fee requests because it more closely aligns the interests of the counsel and the class, *i.e.*, class counsel directly benefit from increasing the size of the class fund and working in the most efficient manner."); *see also* Plaintiffs' Motion for Fees at n. 1.

Second, Plaintiff's lodestar multiplier is 3.18, not 4, as the Teamsters assert. Dkt. No. 275. at p. 2.

Third, the Teamsters' argument that counsel's lodestar multiplier is too high given "continuing misclassification" flies in the face of <u>numerous</u> cases wherein courts have awarded percentage of the fund fees reflecting similar or far greater multipliers, where the defendant made *no* changes to its allegedly unlawful policy or practice (unlike what Lyft has agreed to do here by implementing changes to its policies, including limitations on its right to terminate drivers at will), and where the case was resolved at a *far* earlier stage than this one (which has gone through three and a half years of litigation, with multiple rounds of discovery, multiple depositions taken, thousands of documents produced, and a dispositive motion and several other substantive motions):

- In *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055 (N.D.Cal. Jun. 30, 2011), an overtime exemption misclassification case, Judge Koh approved a percentage-based fee award that represented multiplier of 4.3 in a $12.5 million settlement. *Id.* at *2; *see also* Dkt. No. 45 at ¶ 8 (misclassification allegations). The settlement provided for monetary relief, but did not require any changes to class members' exempt status, nor did it provide any non-monetary benefits to class members. Dkt. No. 50 at p. 5. Formal discovery in the case was minimal, and far less was accomplished than in this case – AT&T produced just over 1,000 pages of documents and spreadsheets regarding damages, and Plaintiff produced his initial disclosures. *Id.* at p. 13. No depositions were taken and no substantive motions were litigated. *Id.* From start to finish, the case lasted just over two years.

- In *Lazarin v. Pro Unlimited, Inc.*, No. C11-03609 HRL, 2013 WL 3541217 (N.D. Cal. July 11, 2013), an overtime exemption misclassification case, Judge Lloyd approved a percentage-based fee award that represented a multiplier of 3.36 in a $1.25 million settlement. *Id.* at *1, *8. Discovery in the case included an "initial factual investigation, executed an agreement to toll the FLSA statute of limitations for all absent collective action members, propounded written discovery, including requests for production of documents and interrogatories, and reviewed discovery responses, including several hundred responsive documents." *Id.* at *5. The parties did not engage in any substantive motion practice. *Id.* The settlement provided for monetary payments, but did not require the defendant to change any of its classification policies, nor did it provide any non-monetary benefits to class members. Dkt. No. 34 at p. 7. The case was open for two years.

- In *Beckman v. KeyBank, N.A.*, 1:12-cv-07836-RLE, 293 F.R.D. 467 (S.D.N.Y. 2013), an overtime exemption misclassification case, a federal judge approved a percentage-based fee award that represented multiplier of 6.3 in a $4.9 million settlement. *Id.* at 478, 481-482. Under the settlement, KeyBank was required to make a monetary payment, but was not required to change its allegedly unlawful misclassification of workers, nor did it provide any non-monetary benefits to class members. Dkt. No. 9 at p. 4. The parties performed discovery "including data showing the number of Class Members in relevant job titles, salaries, incentive pay, weeks worked, and location of employment." *Id.* at p. 14. No depositions were taken. *Id.* The parties engaged in no substantive motion practice, and the case was resolved pre-litigation. *Id.*

- In *Zeltser v. Merrill Lynch & Co., Inc.*, 1:13-cv-01531-FM, 2014 WL 4816134, at *10 (S.D.N.Y. 2014), an overtime exemption misclassification case, a federal judge approved a percentage-based fee award that represented a multiplier of 5.1 in a $6.9 million settlement. *Id.* at *2, 10. The settlement provided for monetary relief, but did not change class members' employment status, nor did it provide any non-monetary benefits to class members. Dkt. No. 72 at pp. 4-5. This case entailed minimal formal discovery (responses by both parties to one set of document requests and responses by Plaintiffs to one set of interrogatories, and no depositions), *see id.* p. 13, entailed two substantive motions, but no dispositive motion, and was litigated for about 3.5 years.

- In *Yuzary v. HSBC Bank USA, N.A.*, No. 12 CIV. 3693 PGG, 2013 WL 5492998, (S.D.N.Y. Oct. 2, 2013), an overtime exemption misclassification case, a federal judge approved a percentage-based fee award that represented a multiplier of 7.6 in a $15.625 million settlement. *Id.* at *1, Dkt. No. 82 at p. 21. The settlement was reached after only informal discovery, there were no substantive motions, and the case was fully resolved in less than two years. *Id.* The settlement provided for monetary payments, but did not require the defendant to change any of its classification policies, nor did it provide any non-monetary benefits to class members. Dkt. No. 53 at p. 5.

- In *Aboud v. Charles Schwab & Co.*, No. 14 CIV. 2712 PAC, 2014 WL 5794655, at *1 (S.D.N.Y. Nov. 4, 2014) an overtime exemption misclassification case, a federal judge approved a percentage-based fee award that represented a multiplier of 4.4 in a $3.8 million settlement. *Id.* at *1, Dkt. No. 46 at pp. 17-18. Under the terms of the settlement, Charles Schwab was required to make payments to class members, but was not required to change its classification practices, nor did it provide any non-monetary benefits to class members. Dkt. No. 24 at p. 4. The case resolved following "informal discovery to enable Plaintiffs to calculate damages and undertaking extensive and vigorous negotiations." *Aboud*, 2014 WL 5794655 at *1. The case resolved entirely in about seven months, and involved no substantive motion practice.

- In *Hernandez v. Merrill Lynch & Co.*, No. 11 CIV. 8472 KBF DCF, 2013 WL 1209563 (S.D.N.Y. Mar. 21, 2013), an overtime exemption misclassification case, a federal judge approved a percentage-based fee award that represented a multiplier of 3.8 in a $7 million settlement. *Id.* at *1, Dkt. No. 63 at p. 18. A settlement was reached after the parties served and responded to written document requests and interrogatories. Rule 30(b)(6) depositions were noticed, but not taken, and four of the six named plaintiffs were deposed. *Hernandez*, 2013 WL 1209563, at *1. Under the settlement, Merrill Lynch was required to make a monetary payment, but was not required to change its classification practices, nor did it provide any non-monetary benefits to class members. Dkt. No. 55 at pp. 4-5. The case was finished in less than a year and a half.

- In *Clem v. KeyBank, N.A.*, No. 13 CIV. 789 JCF, 2014 WL 2895918 (S.D.N.Y. June 20, 2014), an overtime exemption misclassification case, a federal judge approved a percentage-based fee award that represented a multiplier of 3.5 in a $3.5 million settlement. *Id.* at *2, Dkt. No. 52 at p. 18. Under the settlement, KeyBank was required to make a monetary payment, but was not required to change its classification practices, nor did it provide any non-monetary benefits to class members. Dkt. No. 42 at p. 4. The settlement was reached after "targeted" formal discovery over the course of several months, Dkt. No. 52 at pp. 7-8, was finally resolved in about a year and a half.

//

//

//

- Lastly, in *Alexander v. FedEx Ground Package Sys., Inc.*, No. 05-CV-00038-EMC, 2016 WL 3351017 (N.D. Cal. June 15, 2016), an independent contractor misclassification case, Judge Chen approved a percentage-based fee award that represented a multiplier of 3, in a $226 million "megafund" settlement." *Id.* at *3.[1] Under the terms of the settlement--and despite more than 10 years of litigation--FedEx was not required to reclassify its drivers as employees, nor was FedEx required to make any non-monetary concessions that would benefit its drivers. Dkt. No. 120-1.

In sum, settlements have routinely resulted in percentage of the fund fee awards that represent a similar or far greater lodestar multiplier than the 3.18 multiplier at issue here, including cases that have not resulted in a change in the policy that prompted the litigation, and even cases that resulted in *no* non-monetary relief benefiting class members, as well as cases that required far less work. The Teamsters' objection to Plaintiffs' request for fees should be rejected.

Dated: November 29, 2016          LICHTEN & LISS-RIORDAN, P.C.

          By: __/s/_Shannon Liss-Riordan_____
              Shannon Liss-Riordan
              Attorney for Plaintiffs

---

[1]     This is *not* a so-called "megafund" case, which are typically described as "one with a recovery of $100 million to over $1 billion." *In re: Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 721680, *42 (N.D. Cal. Jan. 28, 2016). In "megafund" cases, some courts have applied a reduced fee percentage, but not all have. *See id.* at *43 (awarding 30% of $576 million common fund and noting that "there is solid authority that a 25% award is presumptively reasonable; that many cases — including megafunds — award fees in the 25–33% range"). Even though this is not a "megafund" case, Plaintiffs are seeking far less than the 25% benchmark in California. As described earlier, given that there was not a great deal more substantive work done in this case between the original settlement and revised settlement, Plaintiffs did not seek to increase the amount of fees even when the settlement more than doubled.