Caroline Tucker, Esq.
Tucker | Pollard
2102 Business Center Dr., Suite 130
Irvine, CA 92612
Office 949-253-5710
Fax 949-269-6401
ctucker@tuckerpollard.com

*Attorney for Objector*
JAMES PAGE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER, ALEJANDRA MACIEL, and JEFFREY KNUDTSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LYFT INC., <br><br> Defendant. | Case No.: 3:13-cv-04065-VC <br><br> Hon. Vince Chhabria <br><br> **CLASS ACTION** <br><br> OBJECTIONS TO SETTLEMENT AND ATTORNEYS' FEES |

Class member, JAMES PAGE, makes the following objections to such settlement and attorney's fees in this case:

### Attorneys' Fees

Although the requested fees represent a percentage below the benchmark, the fee amount must be justified. Although the claims rate is high at 31.3%, the payout should be without a requirement to make a claim. Anything less than 100% is a boon to Lyft and a weakness in the settlement. This Court should reduce the fee amount accordingly.

1

Inadequate Claims Process

The Settlement relief is inadequate and unfair to the Class. Where Class Members are identifiable by name and address, and the Settlement Administrator can calculate and pay identified Class Members a claims made settlement is not reasonable. As a result, the Settlement Administrator should automatically distribute cash benefits to the Class Members.

Inadequate Cy Pres

Although the Settlement names a recipient, it fails to state the specific terms of the distribution. This Court should not approve the settlement until the parties provide the details and spell out the pro rata distribution of unused Settlement funds to Claimants. *See* In re BankAmerica Corp. Sec. Litig., 775 F.3d at 1062–64. Settlement funds are the property of the class and unused funds should be distributed to Claimants, pro rata. *See* In re BankAmerica at 1064. The class members are entitled to know how any remaining settlement funds will be used for their benefit. Furthermore, a more appropriate recipient would be a national charity such as National Consumer Law Center or National Association of Consumer Advocates both of whom operate at a national level and could potentially benefit this group of class members. This Court should deny final settlement because the settlement does not clearly and specifically explain the use of unclaimed funds nor does it name an appropriate recipient.

For the foregoing reasons we object to the settlement.

Objector will not appear at any fairness hearing through counsel or otherwise.

Date: January 25, 2017

Tucker | Pollard

By: _____

Caroline Tucker
*Attorney for Objector*

2

1    Objector:

2

3

4    JAMES PAGE
     4588 Fountain Avenue Apt. #2
5    Los Angeles, CA 90029
     (703) 409-8458
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

## CERTIFICATE OF SERVICE

2

3   I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on January

4   26, 2017, and served by the same means on all counsel of record.

5

6                                                        /s/ Caroline Tucker

7                                                        _____

8                                                        Caroline Tucker

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4