Keith A. Custis
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
  tdl@kellerlenkner.com
Tom Kayes (*pro hac vice*)
  tk@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Plaintiffs
Odeh Abdeljabbar et al.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICK COTTER, ALEJANDRA MACIEL, and JEFFREY KNUDTSON, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>LYFT, INC.,<br><br>    *Defendant*.<br><br>This Motion Relates to:<br>*Abdeljabbar, et al. v. Lyft, Inc.,*<br>No. 3:18-cv-7482-JCS | Case No. 3:13-cv-04065-VC<br><br>Case No. 3:18-cv-7482-JCS<br><br>**OPPOSITION OF PLAINTIFFS ODEH ABDELJABBAR ET AL. TO LYFT, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:    Hon. Vince Chhabria<br><br>Date Filed: September 3, 2013 |

## INTRODUCTION

Plaintiffs in *Abdeljabbar et al. v. Lyft, Inc.*, No. 3:18-cv-7482-JCS, ("Plaintiffs") oppose the administrative motion by Defendant Lyft, Inc. to relate *Abdeljabbar* to *Cotter v. Lyft Inc.*, No. 3:13-cv-04065-VC, and *Zamora et al. v. Lyft*, Inc., No. 3:16-cv-02558-VC.

The plaintiff in *Whitson v. Lyft*, No. 3:18-cv-06539-EMC, has already explained why Lyft's motion to relate *Whitson* to *Cotter* and *Zamora* should be denied. *See* Dkt. 353. The claims in *Whitson* do not involve the same legal standards or factual circumstances as the claims in *Cotter* and *Zamora*. And both *Cotter* and *Zamora* have been administratively closed. *Id*. at 3–4. Lyft's motion to relate *Whitson* would not avoid any duplication of efforts or conflicting results. And Lyft inexplicably waited seven weeks after *Whitson* was filed to suggest otherwise. *Id*. at 4–5.

Lyft's motion to relate *Abdeljabbar* has similar flaws. As in *Whitson*, the claims in *Abdeljabbar* involve different legal standards and factual circumstances from those addressed in *Cotter* and *Zamora*. And *Cotter* and *Zamora* are closed. Relating *Abdeljabbar* to *Cotter* and *Zamora* would not create any efficiency and is not necessary to prevent conflicting results.

Lyft's motion does not just fail to further the purposes of Local Rule 3-12; it affirmatively undermines them. *Abdeljabbar* is one of five interrelated cases pending in this district. Three of those cases have been assigned to Judge Chen. The other two—including *Abdeljabbar*—are subject to pending motions to relate before Judge Chen. The cases involve overlapping issues, parties, and counsel, and they should be decided by a single judge. But through this administrative motion and its opposition to others, Lyft would have the cases assigned to three different judges. That would undermine judicial economy and increase the risk of conflicting outcomes. Lyft's motion should be denied.

## BACKGROUND

*Abdeljabbar* is connected to five cases that are pending in this district. A brief description of each matter illustrates the complex interactions among those cases, which in turn shows precisely why those cases should be decided by a single judge.

### 1. *Whitson v. Lyft*, No. 3:18-cv-06539-EMC

The plaintiff in *Whitson* is a Lyft driver who alleges that Lyft misclassified him as an

independent contractor. The plaintiff's claims turn on the application of the Fair Labor Standards Act ("FLSA") and California law under *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903 (2018), *reh'g denied* (June 20, 2018).

### 2. *Abdeljabbar et al. v. Lyft*, No. 3:18-cv-7482-JCS

In *Abdeljabbar*, Plaintiffs are 101 Lyft drivers who allege that Lyft misclassified them as independent contractors in violation of the FLSA and California law pursuant to *Dynamex*. Keller Decl., Ex. A. Under the plain terms of Lyft's arbitration agreement, Plaintiffs' claims—and any disputes related to their claims—must be resolved in arbitration. *See* Lyft Terms of Service, *available at* https://www.lyft.com/terms. For that reason, Plaintiffs filed demands for arbitration against Lyft. Keller Decl. ¶ 4. But Lyft apparently concluded that individualized arbitration would be inconvenient and inefficient. It therefore prevented Plaintiffs' demands from moving forward by refusing to pay the filing fees necessary to commence arbitration. *Id.* ¶ 5. Plaintiffs elected to treat Lyft's actions as a waiver of Lyft's right to arbitrate, and they filed suit against Lyft on December 12, 2018. *Id.* at Ex. A.

*Abdeljabbar* and *Whitson* involve identical claims against the same defendant. And both cases were recently filed, making it easy to litigate them in tandem. Accordingly, on December 14, 2018, Plaintiffs moved to relate *Abdeljabbar* to *Whitson*. Keller Decl., Ex. B. That motion is under consideration by Judge Chen. *Id*.

### 3. *Abarca v. Lyft, Inc.*, No. 3:18-cv-07502-EDL

The petitioners in *Abarca* are 3,420 Lyft drivers who raise the same claims against the same defendant as in *Abdeljabbar* and *Whitson*: that Lyft misclassified them as independent contractors in violation of the Fair Labor Standards Act and California law pursuant to *Dynamex*. Keller Decl., Ex. C. Like *Abdeljabbar*, the *Abarca* petitioners filed demands for arbitration against Lyft, but Lyft refused to pay the filing fees necessary commence arbitration. *Id*. On December 13, 2018, the *Abarca* petitioners chose to enforce their contractual rights by filing a petition to compel Lyft to arbitrate. *Id*. The petitioners in *Abarca* and plaintiffs in *Abdeljabbar* are subject to the same arbitration agreement with Lyft and will argue that Lyft has violated that agreement through its conduct. *Id.* ¶5. Finally, as explained below, it appears likely that Lyft will take the position in both

*Abarca* and *Abdeljabbar* that Claimants' counsel should be disqualified. That is why, on December 14, 2018, the plaintiffs in *Abarca* moved to relate *Abarca* to *Whitson* and *Abdeljabbar*. That motion is under consideration by Judge Chen. Keller Decl., Ex. D.

### 4. *Lyft v. Postman*, No. 3:18-cv-06978-EMC

Instead of paying the filing fees necessary to commence arbitration with the *Abdeljabbar* plaintiffs and *Abarca* petitioners, Lyft responded to their arbitration demands by filing a tort lawsuit against their counsel, based on a supposed conflict of interest. Keller Decl. ¶ 6. Although Lyft's arbitration agreement requires Lyft to raise "any dispute relating to" wage-and-hour claims—including a dispute about who can litigate those claims—in arbitration. *See* Lyft Terms of Service, *available at* https://www.lyft.com/terms. But instead of proceeding with disqualification motions in arbitration, Lyft sought money damages and an injunction prohibiting their counsel from representing them. Keller Decl. ¶ 6.

### 5. *Diva Limousine v. Uber*, No. 3:18-cv-05546-EMC

Lyft's tort lawsuit against its drivers' counsel alleges the same conflict of interest that Uber has alleged in another case pending before Judge Chen. Keller Decl. ¶ 7. Because the alleged conflict in *Lyft v. Postman* arises from the same facts and involves the same law firm as in *Diva Limousine*, Judge Chen granted a motion to relate those two cases on November 26, 2018. *Id.*

## ARGUMENT

Lyft's motion to relate *Abdeljabbar* to *Cotter* and *Zamora* will not advance either of the twin goals of efficiency and consistency embodied in Local Rule 3-12. To the contrary, Lyft's motion would frustrate those goals and sow confusion in the related set of cases described above.

*Cotter* and *Zamora* do not present an opportunity for this Court to resolve common issues in a coordinated fashion because both cases have settled and are administratively closed.

To start, *Cotter* and *Zamora* never called for this Court to resolve the legal questions at issue in *Whitson* or *Abdeljabbar*—namely, the application of the FLSA and the *Dynamex* standard to drivers' relationships with Lyft. Even if they had, relating these cases will not create any opportunity to resolve shared issues across multiple cases, because there are no issues left to resolve in *Cotter* and *Zamora*. Of course, this Court likely is familiar with misclassification issues and is

1  eminently capable of presiding over these cases. But the same can be said for the judges to whom
2  the cases are already assigned. Relating the cases to *Cotter* and *Zamora* does not position this Court
3  to kill two birds with one stone.

4  Similarly, future decisions in *Whitson* and *Abdeljabbar* will not conflict with the prior
5  results in *Cotter* and *Zamora*. Courts in this district regularly deny motions to relate in similar
6  situations. *See Storrer v. Paul Revere Life Ins.*, 2008 WL 667402, at *1 (N.D. Cal. Mar. 6, 2008)
7  ("The fact that the *Hangarter* case has been entirely resolved cuts against any such finding [of
8  relatedness], because there remains little risk that conflicting decisions might simultaneously issue
9  out of two different cases due to a lack of coordination between judges overseeing live matters.");
10 *Carlyle Fortran Tr. v. NVIDIA Corp.*, 2008 WL 4717467, at *1 (N.D. Cal. Oct. 24, 2008) ("Given
11 the current inactive or on-appeal status of the allegedly related cases, . . . the Court is not concerned
12 by the possibilities of duplicative labor or of conflicting results."); *Rezner v. Bayerische Hypo-Und,*
13 *Vereinsbank AG*, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) ("Here, the Gustashaw Action
14 is stayed pending mediation, and the Rezner Action has been closed and is on appeal. Thus, it does
15 not appear to the Court that there will be unduly burdensome duplication of labor and expense if
16 the Sussex Action remains with Judge Conti.").

17 Relating *Abdeljabbar* to *Cotter* and *Zamora* would not create any efficiencies and is not
18 necessary to address any risk of conflicting results. That alone is a sufficient basis to deny Lyft's
19 motion. But Lyft's motion is particularly meritless because it would actually reduce efficiency and
20 increase the risk of conflicting results.

21 Judge Chen is presiding over *Diva Limousine*, *Lyft v. Postman*, and *Whitson*; and he is
22 currently considering motions to relate *Abdeljabbar* and *Abarca* to *Whitson*, which were both filed
23 before Lyft filed the instant motion. It is therefore possible that a single judge could preside over
24 all five of the related cases described above. That would create substantial efficiencies and ensure
25 consistent resolution of three common issues: (1) Lyft's and Uber's arguments that Claimants'
26 counsel have a conflict of interest; (2) whether Lyft has violated its arbitration agreement by failing
27 to pay fees to commence arbitration and attempting to disqualify Claimants' counsel through a tort
28

suit instead of arbitration; and (3) whether Lyft is misclassifying its drivers under the FLSA and *Dynamex*.

By contrast, if Lyft's position were accepted,[1] the parties would have to brief Lyft's conflict-of-interest allegations three separate times to three different judges in *Lyft v. Postman*, *Abdeljabbar*, and *Abarca*, with a risk that the same issue would be decided differently by judges in the same District. Similarly, if Lyft's position were accepted, the parties would have to brief whether Lyft violated its arbitration clause *three* separate times to *three* different judges in *Lyft v. Postman*, *Abdeljabbar*, and *Abarca*, with further risk of inconsistent adjudications. To describe the practical implications of Lyft's position is to refute it.

Lyft's attempts to relate *Whitson* and *Abdeljabbar* to *Cotter* and *Zamora* also create the distinct appearance of procedural gamesmanship. Lyft waited seven weeks before discovering that *Whitson* was purportedly related to two already-settled, closed cases. But Lyft's counsel in *Whitson* surely are familiar with *Cotter* and *Zamora*, as they represented Lyft in both of them. Then, when Lyft filed its motion to relate *Abdeljabbar*, it violated Local Rule 7-11(a) by failing to meet and confer with Plaintiffs' counsel. Lyft also did not contemporaneously serve Plaintiffs with its motion, instead serving them only after Plaintiffs pointed out Lyft's rule violations.[2] *See* Dkts. 355 p. 2; 356. It is not clear what Lyft hopes to gain from its motions to relate *Whitson* and *Abdeljabbar* to *Cotter* and *Zamora*, but Lyft's conduct—together with the inherent inefficiency of Lyft's position—suggests that Lyft seeks some sort of strategic advantage rather than an efficient resolution of these matters. *Rezner*, 2009 WL 3458704, at *1–2 (noting that the length of time an action had been pending prior to a motion to relate, and other indicia of gamesmanship, supported denying a motion to relate).

---

[1] Lyft opposed Plaintiffs' motion to relate *Abarca* to *Whitson* and *Abdeljabbar*. Keller Decl. ¶¶ 9 and 11.

[2] The Court would be well within its discretion to deny Lyft's motion on this ground alone. *See Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (noting that, where a party failed to seek a stipulation before filing an administrative motion, "[d]enial of a motion as the result of a failure to comply with local rules is well within a district court's discretion"); *see also Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (refusing to consider an administrative motion filed in violation of the local rules).

| | | |
|---|---|---|
| 1 | Dated: December 20, 2018 | Respectfully submitted, |

/s/ Ashley Keller
Ashley Keller (*pro hac vice*)
　ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
　tdl@kellerlenkner.com
Tom Kayes (*pro hac vice*)
　tk@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
　wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Keith A. Custis
　kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276


*Attorneys for Plaintiffs*
*Odeh Abdeljabbar et al.*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be served on all ECF-registered counsel of record via the Court's CM/ECF system.

Dated: December 20, 2018.

/s/ Ashley Keller